**BAKER HUGHES, INC., Appellant,**

v.

**Charles N. SCHWARZ, Jr. and A.L. DeCell, Appellees.**

**No. A14–91–01294–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 18, 1992.

Rehearing Denied July 16, 1992.

Steven B. Harris, Richard H. Edelman, Houston, for appellant.

Grant Cook, Douglas A. Samuelson, Patricia S. Riddick, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a judgment in favor of appellees in a breach of contract action. Charles N. Schwarz and A.L. De-Cell brought suit against Baker Hughes, Inc., and the case was tried before a jury. When the jury failed to reach a verdict, the trial court declared a mistrial; however, all parties moved to set aside the order and agreed to submit the case to the court for determination. The trial court entered judgment for the plaintiffs, awarded damages of $2,000,000.00, pre-judgment interest of $783,333.00, and additional daily interest of $555.00. We reverse and render.

Hughes Tool Company, now known as Baker Hughes, Incorporated, possessed a large inventory of unfinished and semi-finished drill collar material and finished drill collars. This inventory was known as the "Oncor Drill Collar Bar Inventory." Baker Hughes had ceased its manufacture and sale of drill collars, and on January 9, 1987, the corporation entered a contract with Prideco, Inc. giving the latter the right to purchase the inventory. Hughes reserved the right to accept offers from third parties to purchase not less than 25% of its inven-

tory, however Prideco was given the right of first refusal pursuant to the following provision:

In the event Hughes wishes to accept an Offer, it shall first give Prideco notice of the Offer and Prideco shall then have ten (10) days from the issuance of said notice in which to advise Hughes whether it wishes to purchase the Drill Collar Material under the same terms and conditions as contained in the Offer. In the event Prideco does not wish to purchase the Drill Collar Material, Hughes shall be free to sell the Drill Collar Material to the party making the Offer or to any other party under the same terms and conditions as set forth in the Offer.

On March 6, 1987, appellees met with Dean Weeke, a representative of appellant, and offered to purchase the entire Oncor inventory for cash. After their meeting, Mr. Weeke sent a letter to Prideco notifying it that an offer had been made for the purchase of the inventory for $1,391,-000.00. Pursuant to the contract, Prideco was given until March 16, 1987 to exercise its right of first refusal. On March 10, 1987, Prideco notified appellant in writing that it wished to purchase the drill collar material for the same terms and conditions of the third-party offer. Pursuant to a request by Prideco to review the actual offer, Mr. Weeke contacted appellees and requested the offer be reduced to writing. Appellees sent the following letter on March 12th:

We are pleased to confirm our offer to purchase the Hughes Oncor Drill Collar Bar inventory.... Offered price is $0.16/Lb to apply to full length bar inventory on hand at the time of closing. Preliminary inventory estimates would translate to approximately $1,400,000. We further understand that a third party has the right of refusal to be exercised by 5:00 PM, Monday, March 16, 1987. In addition should they fail to close by that time, our offer would be accepted....

Mr. Weeke then responded by letter stating, "I have received and hereby acknowledge your offer...." On March 25, 1987, appellees attempted to tender to Hughes a conditional bank draft "as payment in accordance with our agreement of March 12, 1987." The draft required Hughes to issue a bill of sale which not only warranted title to the inventory, but would also indemnify appellees against claims arising from any failure by Hughes to discharge its obligations. Hughes did not accept the bank draft. The sale of the inventory to Prideco was completed on March 26, 1987 by payment in full. Appellees subsequently brought a cause of action against appellant for breach of contract. Appellees' petition claimed appellant breached an oral contract entered into on March 6, 1987, and later confirmed in writing.

■ In its first point of error, appellant contends that the trial court erred in finding that a contract was entered into by the parties because there was legally and factually insufficient evidence to support this finding. The trial court held in its findings of fact and conclusions of law that: an oral contract was entered into on March 6, 1987; Weeke had promised that if Prideco failed to exercise its right *and* pay by March 16, 1987, that appellees would have ten days thereafter to consummate the sale; and, appellees sent a written confirmation of the contract on March 12, 1987. Appellant challenges these findings as well as other related findings.

In addressing a "no evidence" point, the reviewing court considers only evidence and inferences favorable to the verdict or finding and disregards all contrary evidence. *See Best v. Ryan Auto Group, Inc.*, 786 S.W.2d 670, 671 (Tex.1990). If there is some evidence, more than a mere scintilla, then the challenge fails. *See Responsive Terminal Sys. v. Boy Scouts of America*, 774 S.W.2d 666, 668 (Tex.1989). Where there is a factual sufficiency challenge, the reviewing court examines all of the evidence to determine whether the finding is so against the overwhelming weight of the evidence as to be manifestly unjust and clearly wrong. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

A contract is that which is contemplated and agreed to by the parties. The mere fact that one party believes a contract ex-

ists is not enough. *Wiley v. Bertelsen,* 770 S.W.2d 878, 882 (Tex.App.—Texarkana 1989, no writ). Additionally, when determining the terms to which the parties assented, we must rely on objective standards and not the subjective state of mind. *Gordin v. Shuler,* 704 S.W.2d 403, 407 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). The fact that one party expects something does not conclusively show an enforceable agreement. *Id.* A writing which confirms an agreement, conditioned upon further acceptance, is insufficient proof of confirmation as a matter of law. *Adams v. Petrade Int'l, Inc.,* 754 S.W.2d 696, 706 (Tex.App.—Houston [1st Dist.] 1988, writ denied).

The evidence clearly establishes that the parties entered into a contract for appellant to sell its inventory to appellees. Mr. Weeke testified that when he notified Prideco of appellees' offer, he knew the inventory was sold. Due to the oral contract, Prideco would buy if the option was exercised, or appellees would buy if Prideco declined to purchase.

The problem arises in appellees' belief that Prideco had to exercise its option *and* pay within ten days. Regardless of the intent or belief of the parties, any contract entered into was subject to the rights of Prideco. Further, there was no requirement that Prideco pay within ten days of notice. It was only required to exercise the option within ten days by announcing its intent to meet the offer of a third party. No agreement between these parties could alter the rights of Prideco. However, because we find an oral contract existed, we overrule point of error one.

In its second point of error, appellant asserts that the trial court erred in finding that any oral agreement reached between appellant and appellees on March 6, 1987 was enforceable because the requirements of the statute of frauds were not satisfied. Appellant challenges the trial court's findings that a written confirmation of the oral agreement was sent to appellant and no written notice of objection was given, and, that the oral agreement was enforceable under TEX.BUS. & COM.CODE ANN. § 2.201(b).

Where there is a contract for the sale of goods with a price of $500.00 or more, the contract must be in writing and signed by the party sought to be charged before it can be enforced. TEX.BUS. & COM.CODE ANN. § 2.201(a) (Vernon 1968). Where such a sale is between merchants, the oral contract is not enforceable unless, within a reasonable time, a writing in confirmation of the oral contract that is sufficient against the sender is received, and the recipient has reason to know its contents, and recipient does not give written notice of objection within ten days after receipt. TEX.BUS. & COM.CODE ANN. § 2.201(b) (Vernon 1968). If, however, the writing is not a confirmation of an agreement as a matter of law, then the merchant's exception does not apply. *Adams v. Petrade Int'l, Inc.,* 754 S.W.2d 696, 705 (Tex.App.—Houston [1st Dist.] 1988, writ denied).

Both appellees testified that it was their understanding that if Prideco did not *pay* within ten days, then appellees would have an additional ten days to perform its obligations. While the trial court had a right to believe appellees' oral testimony, this does not circumvent requirements under the statute of frauds. We find that the letter of March 12th was a formal offer. It did not confirm or accept a prior oral contract or agreement. Instead, the letter made reference to a *future* acceptance of the offer. We also find that Mr. Weeke's letter of March 16th only "acknowledged" the offer, it did not accept it. Since the letter did not *accept* the offer, or *confirm* a prior oral contract, no written contract or confirmation of an oral contract existed. Mr. Weeke also testified that he had read the provision of Prideco's right of first refusal to appellees. That provision says nothing about Prideco having to pay within ten days of notice. There apparently was no meeting of the minds as to *when* appellant would be obligated to sell the inventory to appellees, i.e.: the time within which Prideco would have to pay *after* notice that it would exercise the first right to purchase. Additionally, appellees tried to obligate appellant to an indemnification clause in its bank draft and at trial they admitted there was no oral agreement con-

cerning indemnification. We find as a matter of law that the language in appellees' letter precludes a finding that it was a confirmation of a prior oral contract.

■ Notwithstanding the "merchant's exception," appellant's failure to send a written objection within ten days after receipt was also not sufficient to enforce a contract between the parties. Pursuant to Section 2.201(b), there must still be a writing *in confirmation of the agreement.* The letter sent by appellees was nothing more than a confirmation of their oral *offer,* which imposed a new condition: that Prideco must pay within ten days of notice. A written notice of objection would not be required where appellees' letter was only an offer. We hold the merchant's exception is not applicable to overcome section 2.201(a) of the statute of frauds. We find that appellant's letter did not meet the requirements of the statute of frauds and further find the oral contract was not enforceable. Appellant's second point of error is sustained.

■ In point of error three, appellant attacks the finding of the trial court of tender of consideration. As we discussed earlier, the draft given to appellant as payment by appellees contained an indemnity provision not agreed to by the parties. Therefore, the tender was not in compliance with any contract between the parties. Without proper tender of payment, appellant cannot be in breach of contract. *Modern Aero Sales, Inc. v. Winzen Research, Inc.,* 486 S.W.2d 135, 138 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.). Point of error three is sustained.

Because we have sustained points of error two and three, we need not address points of error four and five which deal with lost profits and pre-judgment interest.

Accordingly, the judgment of the trial court is reversed, and we render judgment that appellees take nothing.