**MIRACLE REVIVAL CENTER MOVE OF GOD CHURCH, Appellant,**

v.

**Earl B. KINDRED and Betty Kindred, Appellees.**

**No. 20556.**

Court of Civil Appeals of Texas, Dallas.

March 10, 1981.

James H. Anderson, Dallas, for appellant.

**258**

William V. Counts, Jr., Taylor, Mizell, Price, Corrigan & Smith, Dallas, for appellees.

Before GUITTARD, C. J., and AKIN and CARVER, JJ.

AKIN, Justice.

This is an appeal by plaintiff Miracle Revival Center Move of God Church from a take nothing judgment in a suit for specific performance of a real estate contract and for damages brought against defendants Earl B. Kindred and Betty Kindred. Because we hold that the contract terminated by its terms prior to the time that appellees became obligated under the contract to convey the real property in question, we affirm the judgment of the trial court.

On March 8, 1978, appellant and appellees entered into a contract whereby appellant agreed to purchase and appellees agreed to sell certain real property. Among other things, the contract provided:

FINANCING CONDITIONS. This Contract is subject to approval for buyer of a conventional third party loan (the loan) of not less than the amount of the note amortizable monthly for not less than twenty-five (25) years with interest not to exceed nine percent (9%) per annum and approval of any third party second note. Buyer shall apply for all financing within ten (10) days from the effective date of this Contract, [March 8, 1978], and shall make every reasonable effort to obtain approval. *If all financing cannot be approved within thirty (30) days from the effective date of this Contract, this Contract shall terminate* and earnest money shall be refunded to buyer without delay after deducting actual expenses incurred or paid on buyer's behalf in processing this sale. [Emphasis added].

■ Under this provision plaintiff had until April 7, 1978, to obtain approval of financing. The parties stipulate that the approval for the contemplated loan was not made until April 28, 1978, at the earliest, some twenty-one days after the termination date provided in the contract. Since the language of the contract provides for its termination if financing had not been approved within thirty days, and since financing was not obtained until twenty-one days after that period expired, the contract terminated and appellees had no further obligation. *See Baker v. Fell*, 135 Tex. 375, 144 S.W.2d 255, 257 (1940).

■ Plaintiff argues, nevertheless, that time is not of the essence in a contract to sell and purchase real estate, citing cases such as *Carroll v. Wied*, 572 S.W.2d 93, 95 (Tex.Civ.App.—Corpus Christi 1978, no writ). This and other cases so holding are distinguishable on the ground that the contracts in those cases contained language indicating that time was not a controlling factor between the contracting parties. Neither do such cases have language, as here, providing for termination of the contract on failure of performance before a specified time. Consequently, we do not regard these cases as authority to hold that time is of the essence where the language of the contract shows a contrary intent.

Affirmed.