**Paul G. CHESSHER, Appellant,**

v.

**Michael McNABB, Appellee.**

**No. B2661.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 10, 1981.

Robert B. Lanston, Houston, for appellant.

Steve Bairstow, Houston, for appellee.

Before COULSON, MILLER and MURPHY, JJ.

COULSON, Justice.

This is an appeal by appellant, Paul G. Chessher, from a summary judgment rendered in favor of appellee, Michael McNabb. Appellee had sued appellant for specific performance of a real estate contract. We reverse and remand.

On February 28, 1980, appellant as seller and appellee as buyer, executed an earnest money contract for the sale of real property. The contract sales price was $58,568.00. The contract provided that the cash down payment at closing would be $22,368.00. The difference was to be satisfied by appellee's assumption of the unpaid balance of a promissory note payable to Farm & Home Savings. The contract stated the assumed principal balance at closing would be $36,200.00. Appellee deposited $1,000.00 as earnest money with Capital Title.

Appellant failed to appear at closing and the sale of the property was never consummated. Appellee then filed suit against appellant for specific performance. Appellant answered and plead affirmatively that his offer to sell the property was to plaintiff, Michael McNabb, and plaintiff's wife, Janice Kathryn McNabb. Appellant stated that plaintiff's wife did not execute the

earnest money contract within the time specified and appellant chose to terminate the contract. Appellant and appellee filed a motion for summary judgment. Appellant controverted appellee's motion by claiming that appellee had not been approved by Farm & Home Savings as the assumptor of the mortgage and was thus unable to perform his part of the contract. The trial court granted appellee's motion for summary judgment. Appellant was ordered to specifically perform his obligations under the earnest money contract within sixty days from the signing of the judgment.

■ Appellant contends the trial court erred in granting appellee's motion for summary judgment because appellee's proof was insufficient as a matter of law and because the controverting affidavits presented to the trial court conclusively showed genuine issues of material fact existed. In a summary judgment proceeding, the movant for summary judgment has the burden of showing there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. TEX.CIV.P. 166-A; *City of Houston v. Clear Creek Basin Authority*, 589 S.W. 2d 671 (Tex.1979); *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589 (Tex.1975). We find appellee's proof here insufficient to entitle him to summary judgment.

■ To be entitled to specific performance of a contract, one must prove a compliance with all terms of a contract. *Bell v. Rudd*, 144 Tex. 491, 191 S.W.2d 841 (1946). It is stated in paragraph 3 of the earnest money contract that buyer would assume the unpaid balance of a promissory note payable to Farm & Home Savings. Paragraph 4 of the earnest money contract provided:

FINANCING CONDITIONS: If a Noteholder on assumption (i) requires Buyer to pay an assumption fee in excess of *$200.00* and Seller declines to pay such excess (ii) raises the existing interest rate above *13%* or (iii) requires approval of Buyer or can accelerate the Note and Buyer does not receive from the Noteholder written approval and acceleration waiver prior to the Closing Date, Buyer may terminate this contract and the Earnest Money shall be refunded. Buyer shall apply for the approval and waiver under (iii) above within 7 days from the effective date hereof and shall make every reasonable effort to obtain the same.

There is no evidence in the record that Farm & Home Savings approved appellee as the assumptor of the note in question. Appellee stated in his affidavit in support of his motion for summary judgment that he signed a loan application at Farm & Home Savings on February 29, 1980, and on March 7, 1980. He appeared at Capital Title Co. on March 31, 1980, signed closing documents, and deposited $23,001.67 with the company. He returned to Capital Title Co. on April 21, 1980, but the transaction was not completed. The affidavit of appellee's wife is essentially the same as that of appellee. The affidavit of the realtor is also in the record. The realtor appeared at closing and watched appellee and his wife sign documents presented to them by the title company. The contents of the documents signed by appellee and his wife are not detailed in the affidavit. Such affidavits are incomplete. There is no affidavit in the record from Farm & Home Savings nor Capital Title stating that appellee had been accepted as the assumptor on the note. An essential element in obtaining specific performance is that the party seeking it must plead and prove he is ready, willing, and able to perform, even though tender of purchase price may be excused. *Hendershot v. Amarillo National Bank*, 476 S.W.2d 919 (Tex.Civ.App.–Amarillo 1972, no writ). Appellee, by his failure to prove compliance with the contract term that he assume the note payable to Farm & Home Savings, failed to sustain his burden of showing he was entitled to judgment as a matter of law. We therefore must reverse and remand to the trial court. Appellee must show that he had complied with the contract terms as of March 31, 1980, or April 21, 1980, so as to entitle him to specific

performance of the contract. Since appellee's proof was insufficient to entitle him to judgment as a matter of law, we need not reach appellant's points of error on the existence of any fact issues.

Appellee presents a cross point that equity demands appellee be awarded additional damages, said damages resulting from this appeal. Appellee claims he will be damaged by being forced to delay the assumption of the note until interest rates are at a higher level. This court has no power to award damages under such circumstances. There is no evidence on damages in the record. Such issue can be raised and evidence received when the case is remanded.

Reversed and remanded.