**Dale RILEY, Appellant,**

v.

**Sylvia C. POWELL, et al., Appellees.**

**No. 2–83–085–CV.**

Court of Appeals of Texas,
Fort Worth.

Jan. 25, 1984.

Rehearing Denied March 8, 1984.

Jerry L. Hughes and James F.S. Eppright, Bliss & Hughes, Dallas, for appellant.

L.A. Nelson, Denton, Turner & Clements and Glenn E. Turner, Grossman & David, Clinton J. David, Dallas, for appellees.

Before JORDAN, BURDOCK and JOE SPURLOCK, II, JJ.

## OPINION

JORDAN, Justice.

Appellant sued appellee Powell and others seeking specific performance of a written contract for the sale of real estate by Powell to Riley. The contract between Riley and Powell was not consummated and the appellees, other than Powell, are subsequent purchasers of the property from Powell.

Trial was to a jury and at the close of the plaintiff's evidence, the trial court granted appellees' motion for instructed verdict, withdrew the case from the jury and rendered a take nothing judgment against appellant Riley.

On appeal, Riley contends in a sole point of error that the trial court erred in granting appellees' motion for instructed verdict.

We affirm.

In August of 1979, Riley, as purchaser, and Powell, as seller, entered into a written contract for the sale of an apartment complex in Irving, Texas, for a total purchase price of $420,000.00. The contract provided for a closing date sixty (60) days after final inspection and approval of the premises by the purchaser, Riley, and under the evidence in the record, Riley did inspect and did approve the premises and the closing date was thereafter agreed on as November 14, 1979.

The purchase price of $420,000.00 was to be paid by Riley to Powell in the following

manner: $65,000.00 in cash with $5,000.00 down as earnest money, the assumption by appellant of the existing balance of a first lien note in the approximate principal amount of $230,000.00, and the execution by Riley of a second lien note and deed of trust to Powell in the principal amount of $125,000.00, bearing interest at the rate of 9% per annum and payable in 240 equal monthly installments, including principal and interest.

Under this contract, made a part of the record in this case, appellant Riley, who was a licensed real estate broker, was not only the purchaser of the subject premises, but also acted as a real estate agent for the seller, Powell, and was to receive a commission of 4% of the sale price for negotiating the sale. Riley was thus both purchaser and the real estate agent for the seller and had a fiduciary duty to the seller.

Prior to the closing date, Riley borrowed $50,000.00 from an Irving bank in order to help him make the required $65,000.00 cash down payment, and sometime prior to the November 14, 1979 closing date, tendered a warranty deed, to be signed by Powell as seller. At this same time, Riley submitted to Powell's attorney a promissory note in the amount of $125,000.00, secured by a second deed of trust lien on the apartment property. Attached to this second lien note was an addendum which provided that Riley would have *no personal liability* on the second lien note, but that in the event of default in payments due on that note, the seller's remedies would be limited to foreclosure against the apartment property. After review of the documents tendered by Riley, appellee refused to close the sale of the apartment complex.

■ In reviewing the granting of an instructed verdict by the trial court, this court must consider the evidence in a light most favorable to the party against whom the verdict is instructed. *Jones v. Tarrant Utility Co.*, 638 S.W.2d 862, 865 (Tex.1982); *Texas Employers Insurance Association v. Page*, 553 S.W.2d 98, 102 (Tex.1977). If there is any conflicting evidence of a probative nature in the record, on any material

fact issue, the determination of that issue is for the jury. *Jones, supra.* An instructed verdict is proper if the evidence proves conclusively the truth of fact propositions which, under the substantive law, establish the right of the movant, or negative the right of his opponent, to judgment. *Ottis v. Haas*, 569 S.W.2d 508, 512 (Tex.Civ.App. —Corpus Christi 1978, writ ref'd n.r.e.); *Newitt v. Camden Drilling Co.*, 552 S.W.2d 928, 931 (Tex.Civ.App.—Corpus Christi 1977, no writ); *McDonald*, Texas Civil Practice, sec. 11.28.1 (1970).

With these criteria in mind, we have examined the grant of the instructed verdict in this case under the evidence before us and conclude that it was proper.

■ We are confronted at the outset with the glaring fact that in this case, the appellant was both a party to the real estate sales contract and the real estate agent for another party to the contract. As previously stated, Riley, who was the purchaser under the August 1979 contract, was also the real estate agent representing the seller, Powell, and the contract provided for the payment to Riley of a 4% commission on the sales price. The contract on its face created a fiduciary situation which imposed upon Riley, as the real estate agent for Powell, the legal duty to protect and preserve the best interest of Powell. *See Ramsey v. Gordon*, 567 S.W.2d 868 (Tex.Civ.App.—Waco 1978, writ ref'd n.r. e.).

■ When a real estate broker is retained to sell another's property, he becomes obligated to procure for the seller the best price possible for the property. *See Burleson v. Earnest*, 153 S.W.2d 869, 874 (Tex.Civ.App.—Amarillo 1941, writ ref'd w.o.m.). There was evidence in this record that the apartment complex which was the subject of this contract of sale was worth considerably more than the $420,-000.00 purchase price. There is evidence that it was possibly worth $700,000.00 instead of $420,000.00. Riley testified that he had one offer from Davis Properties for $700,000.00 for this property and that he

did not tell Mrs. Powell of this offer. There is also testimony from Riley that he offered it to other brokers for "around $600,000.00." The property was eventually sold by Powell for $700,000.00.

It is clear from this evidence that Riley knew, or had good reason to believe, that the property which he, as a real estate broker, was buying from Mrs. Powell, was worth considerably more than the price he had agreed to pay her for it.

We hold that under the evidence in this case, and because of the close fiduciary relationship between the parties, that the contract for the sale of the apartment complex was voidable at the option of the seller. It is stated in *Ramsey v. Gordon, supra,* at 871:

> Whenever an agent breaches his duty to his principal by becoming personally interested in an agency agreement, the contract is voidable at the election of the principal without full knowledge of all the facts surrounding the agent's interest.

*See also Osborne v. Keith,* 142 Tex. 262, 177 S.W.2d 198 (1944).

■ We also hold that the granting of the directed verdict in favor of Powell in this case was proper for the reason that Riley, the purchaser of the apartment property, at no time tendered performance of payment in accordance with the contract. It is well established that one who seeks specific performance of a contract must prove that he has diligently and timely performed, or tendered performance, of all obligations under the contract. He must, in other words, prove a compliance with all terms of the contract. *Bell v. Rudd,* 144 Tex. 491, 191 S.W.2d 841, 844 (1946); *Chessher v. McNabb,* 619 S.W.2d 420, 421 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ); *Johnson v. Karam,* 466 S.W.2d 806, 810 (Tex.Civ.App.—El Paso 1971, no writ). This rule is applicable even where the other party has, as alleged in the case before us, indicated that he will not carry out the contract. *Hamon v. Allen,* 457 S.W.2d 384, 390 (Tex.Civ.App.—Corpus Christi 1970, no writ).

■ The contract of sale between Riley and Powell obligated Riley to assume the existing indebtedness on the property and to execute a note in the principal amount of $125,000.00 to be secured by a second lien deed of trust. As previously stated, Riley tendered a promissory note in the amount of $125,000.00 secured by a second deed of trust lien on the property. However, this note expressly provided that Riley was to have no personal liability thereunder. Rather, in the event of a default in payment, the seller's remedies would be limited to foreclosure against the apartment property.

This proffered second lien note failed to comply with the terms of the contract between these parties. The contract nowhere gave Riley the right to negate personal liability on the second lien note. The note tendered did not comply with the payment obligations of the contract.

■ Appellant urges that even if his tender of performance was defective, there is evidence that Powell's attorney had stated that the documents, as tendered, were "agreeable" and therefore, reasons appellant, Powell has waived any objection to the tender and should be estopped from asserting any defect in the tender of performance. TEX.R.CIV.P. 94 requires that waiver or estoppel be specifically pled before either theory or doctrine is available. *Bowling v. City of Port Arthur,* 522 S.W.2d 270, 273 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.). A party asserting estoppel must allege the facts that are essential to the existence of estoppel with particularity and precision; no intendments are made in favor of such a plea. *Concord Oil Co. v. Alco Oil and Gas Corp.,* 387 S.W.2d 635, 639 (Tex.1965); *Pena v. Salinas,* 536 S.W.2d 671, 673 (Tex.Civ.App.—Corpus Christi 1976, no writ). Riley's petition neither pled theories of waiver or estoppel nor did it allege facts essential to or supportive of either theory.

■ The theories of waiver and estoppel are raised in appellant's brief; however, only a broad general statement of

their applicability is made and no authority is cited in support of the stated proposition. Failure to cite authority in support of a point of error or argument thereunder operates as a waiver of the error, if any. *Leckey v. Warren,* 635 S.W.2d 752, 753 (Tex.App.—Corpus Christi 1982, no writ); *McCarthy v. George,* 623 S.W.2d 772, 775 (Tex.App.—Fort Worth 1981, writ ref'd n.r.e.); *Ottis, supra* at 515.

In summary, the evidence offered by Riley proved the truth of fact propositions which, under the substantive law, negatived his right to a judgment for specific performance. Withdrawal of the case from the jury and rendition of the judgment was proper.

The judgment is affirmed.