TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00194-CV






Alan Stewart Cozzens, Appellant



v.



Richard Stuart Barstow, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 95-12948, HONORABLE JAMES R. MEYERS, JUDGE PRESIDING 






 Alan Cozzens appeals from a take-nothing judgment rendered in his suit against Richard
Barstow for specific performance of a contract to sell real property. Barstow complains by cross-appeal
against the trial court's refusal to award him attorney's fees. We will affirm the trial court judgment.

 Cozzens contracted to buy a house from Richard Barstow and Monica Benoit Barstow,
who was then Richard Barstow's wife. (1) After several extensions, the contract was never consummated. 
Cozzens sued Barstow to compel him to convey the property to Cozzens. Following a trial to the court
without a jury, the court rendered judgment denying Cozzens relief and awarding Barstow attorney's fees. 
In response to Cozzens' motion to modify the judgment, the court rendered an amended judgment that
deleted the award of attorney's fees.

COZZENS' APPEAL

 In pleading the performance or occurrence of conditions precedent, a plaintiff may aver
generally that all such conditions have been performed or have occurred, and need prove only such of them
as the defendant has specifically denied. Tex. R. Civ. P. 54. Cozzens pleaded generally in his petition that
he had performed all conditions precedent to recovery under the parties' contract. Contending Barstow
did not specifically deny the general allegation, Cozzens contends that under Rule 54 the pleadings
established as a matter of law that he was ready, willing, and able to perform the contract. In a single point
of error, Cozzens complains the trial judge erred in failing to find Cozzens was ready, willing, and able to
perform the contract, requiring reversal of the take-nothing judgment rendered on that basis.

 Proof of the plaintiff's readiness, willingness, and ability to perform the contract is an
essential element of his cause of action for specific performance. (2) A "condition precedent" in a suit for
specific performance, by contrast, generally refers to a provision within the contract itself that makes
performance contingent on the happening of the condition. (3) Consequently, Cozzens' pleading that he had
performed all conditions precedent did not relieve him, under Rule 54, of the burden of proving he was
ready, willing, and able to perform the contract--an essential element of his cause of action. (4)

 Assuming, however, that readiness to perform is a condition precedent within Rule 54, our
review of Barstow's answer shows that he specifically denied that Cozzens was ready to perform the
contract. Barstow stated in his answer that Cozzens misled Barstow as to his capability to tender the
purchase price, that Cozzens made no effort to consummate the contract, that Cozzens refused to
cooperate with Barstow's agent in providing information necessary to consummate the contract, and that,
although Barstow scheduled several "closings" and notified Cozzens of the dates and times, Cozzens failed
to attend any "closing" and tender the purchase price. (5) We therefore overrule Cozzens' point of error.


BARSTOW'S APPEAL

 Barstow challenges by a cross-point of error the trial court's refusal to award him
attorney's fees. The contract in dispute authorizes the prevailing party in any legal proceeding concerning
the contract to recover reasonable attorney's fees. In its original judgment, the trial court ordered Cozzens
to pay Barstow $20,000 in fees for services rendered through trial. Cozzens moved to modify the
judgment to delete the $20,000 award on the basis that, when the trial was held, Barstow's attorney was
suspended from the practice of law. After a hearing, the court rendered an amended judgment deleting the
award of $20,000 in attorney's fees.

 Barstow's trial attorney, Charles Monroe, was suspended from the practice of law on April
10, 1996, for failing to meet the minimum continuing legal education requirements of the State Bar of Texas. 
See Tex. State Bar R. art. XII, § 6, reprinted in Tex. Gov't Code Ann., tit.2, subtit. G app. (West 1988
& Supp. 1997). The cause was tried on July 1, 1996. As of the date of the hearing on Barstow's motion
to modify the amended judgment, February 21, 1997, Monroe had not been reinstated. Barstow contends
that the trial court should have awarded him either the full $20,000 in attorney's fees or the portion of fees
incurred for work done before the suspension.

 We first consider whether the trial court erred in refusing to award attorney's fees for work
done before Monroe was suspended. At the hearing on Cozzens' motion to modify the original judgment,
Barstow estimated that eighty percent of his attorney's fees were incurred before April 10, 1996. Without
looking at his receipts, however, Barstow could not be sure exactly how much he had paid for work done
before that time. At the hearing on Barstow's motion to modify the amended judgment, the trial court
refused to admit evidence segregating fees for work done before and after April 10. Barstow does not
challenge this refusal on appeal. Without evidence demonstrating the amount of fees incurred before April
10, we cannot conclude that the court erred in refusing to award such fees.

 Turning to Barstow's claim for the entire $20,000, we note that at the hearing on Barstow's
motion to modify the amended judgment, Barstow's appellate attorney argued that Barstow sought
attorney's fees only for the work Monroe did before he was suspended. Thus, Barstow has arguably
waived his request for fees incurred during the suspension. Nevertheless, we will address Barstow's
argument that he is entitled to the full $20,000 award.

. If a member of the State Bar of Texas fails to comply with the Bar's minimum educational
requirements, despite notice of noncompliance, the supreme court shall suspend the member's license to
practice law in Texas. Tex. State Bar R. art. 12, § 8(E) (West Supp. 1997). One who holds himself out
as a lawyer for economic benefit, without being licensed to practice law in Texas or being in good standing
with the State Bar of Texas, commits a felony. Tex. Penal Code Ann. § 38.122 (West 1994). The
legislature has provided that a final conviction of falsely holding oneself out as a lawyer is a serious crime
for all purposes and acts, specifically including the State Bar Rules. Id. § 38.122(c).

 One court of appeals has upheld under section 38.122 the conviction of an attorney who
represented a defendant in a criminal proceeding while he was suspended for failing to pay his bar dues. (6) 
The court further held that, even though Satterwhite's subsequent payment of his bar dues terminated his
suspension retroactive to the date of suspension, the payment had no effect on his conviction for falsely
holding himself out as an attorney while not in good standing with the State Bar. (7) Given state policy
criminalizing an attorney's performance of legal work while suspended, we believe the trial court correctly
refused to award Barstow attorney's fees for work Monroe did during his suspension. Barstow argues that
forcing him to pay attorney's fees because of a defect he could not have controlled is inequitable. The
equities are not improved, however, by shifting the payment of fees to Cozzens. Having correctly
eliminated fees incurred during Monroe's suspension and lacking evidence to apportion fees incurred
before the suspension, the trial court did not err in deleting the award entirely. We therefore overrule
Barstow's cross-point.

 We affirm the trial court judgment.



 

 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: January 23, 1997

Do Not Publish

1. Richard Barstow and Monica Benoit Barstow put the house up for sale as part of their divorce. After
the contract with Cozzens was executed, Richard Barstow bought Monica Benoit Barstow's interest in the
property. We will refer to Richard Barstow as Barstow.
2. Cowman v. Allen Monuments, Inc., 500 S.W.2d 223, 227 (Tex. Civ. App.--Texarkana 1973,
no writ). E.g., Chessher v. McNabb, 619 S.W.2d 420, 421 (Tex. Civ. App.--Houston [14th Dist.]
1981, no writ) (an essential element in obtaining specific performance is that the party seeking it plead and
prove he is ready, willing, and able to perform); Hendershot v. Amarillo Nat'l Bank, 476 S.W.2d 919,
920 (Tex. Civ. App.--Amarillo 1972, no writ) (same).
3. E.g., Gordin v. Shuler, 704 S.W.2d 403, 406 (Tex. App.--Dallas 1985, writ ref'd n.r.e.); Miracle
Revival Ctr. Move of God Church v. Kindred, 615 S.W.2d 257, 258, (Tex. Civ. App.--Dallas 1981,
no writ); Lampman v. Sledge, 502 S.W.2d 957, 959 (Tex. Civ. App.--Waco 1973, writ ref'd n.r.e.).
4. Even had courts not identified readiness to perform as an element of the cause of action, we would
reach the same conclusion. The supreme court determined that, in a deficiency action, the creditor's
commercially reasonable disposition of the collateral is a condition precedent that the plaintiff can plead by
averring generally that all conditions precedent have been performed. Greathouse v. Charter Nat'l
Bank--Southwest, 851 S.W.2d 173, 176-77 (Tex. 1992). Although assigning to the creditor the burden
to prove reasonable disposition when disputed, the court authorized pleading by general averment because
reasonable disposition of the collateral is not disputed in most deficiency suits. To require proof of it when
not in dispute would unreasonably burden the judicial process. Id. A brief review of reported decisions
shows that in many suits for specific performance the parties litigate the plaintiff's readiness to perform. 
E.g., Corzelius v. Oliver, 220 S.W.2d 632, 634 (Tex. 1949); Builders Sand, Inc. v. Turtur, 678
S.W.2d 115, 120-21 (Tex. App.--Houston [14th Dist.] 1984, no writ); Roeber v. DuBose, 510 S.W.2d
126, 131 (Tex. Civ. App.--Corpus Christi 1974, no writ). Given that readiness to perform is frequently
disputed, it would appear reasonable to require the plaintiff to plead and prove its readiness to perform in
all cases.
5. Cf. Hill v. Thompson & Knight, 756 S.W.2d 824, 826 (Tex. App.--Dallas 1988, no writ)
(defendant's pleading denying that all conditions precedent have been met is not specific denial).
6. Satterwhite v. State, 952 S.W.2d 613 (Tex. App.--Corpus Christi 1997, no pet. h.).
7. Id. at 618.


. (6) 
The court further held that, even though Satterwhite's subsequent payment of his bar dues terminated his
suspension retroactive to the date of suspension, the payment had no effect on his conviction for falsely
holding himself out as an attorney while not in good standing with the State Bar. (7) Given state policy
criminalizing an attorney's performance of legal work while suspended, we believe the trial court correctly
refused to award Barstow attorney's fees for work Monroe did during his suspension. Barstow argues that
forcing him to pay attorney's fees because of a defect he could not have controlled is inequitable. The
equities are not improved, however, by shifting the payment of fees to Cozzens. Having correctly
eliminated fees incurred during Monroe's suspension and lacking evidence to apportion fees incurred
before the suspension, the trial court did not err in deleting the award entirely. We therefore ov