NUMBER 13-05-694-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

DAVEN L. KING,                                                      Appellant,

 

                                           v.

 

CATHY
MOORES, ET AL,                                          Appellees.

 

 

 

                  On appeal from the 156th
District Court

                        of San
Patricio County, Texas.

 

 

 

                        MEMORANDUM
OPINION[1]

 

          Before Chief Justice Valdez and Justices Ya_ez and Castillo

                        Memorandum Opinion by Justice Castillo

 








Appellant, Daven L.
King, an indigent inmate in the Texas Department of Criminal JusticeBInstitutional Division
(TDCJ), appeals his pro se case involving inmate litigation.  We modify the trial court's order to reflect
"without prejudice" and affirm the order as modified. 

I.  Issues Presented

We construe briefs
liberally.  Tex. R. App. P. 38.9. 
We treat the statement of an issue as covering every subsidiary question
that is fairly presented.  Tex. R. App. P. 38.1(e).  By five issues, King asserts that the trial
court abused its discretion by (1) dismissing his case for lack of jurisdiction
when it in fact had jurisdiction, (2) dismissing with prejudice, (3) failing to
rule on his pending motions, (4) failing to provide timely notice of the
hearing, and (5) granting relief beyond that requested because Moores never
filed an answer or appeared.  

II.  Procedural Background[2]








As grounds in his
original petition, King alleged that the box he used for storage of his legal
materials was removed, contrary to administrative rules in place authorizing
use of a box when the inmate is involved in the judicial system.  King exhausted administrative remedies
seeking return of the box.  He sued
appellees[3]
seeking district court de novo review of an administrative grievance decision,
a declaration of his rights under TDCJ administrative rules, and redress for
the removal of privileges associated with a legal storage box used in
connection with his legal research and work. 
King sought review under section 2001.176 of the Texas Government Code
and alleged that chapter 14 of the Texas Civil Practice and Remedies Code
applied.  See Tex. Civ. Prac. & Rem. Code Ann. ' 14.003 (Vernon 2002);
Tex. Gov't Code Ann. _ 2001.176 (Vernon 2000).  As relief in his original petition, King
requested in part that the district court conduct de novo review of the
administrative decision and declare his rights under TDCJ administrative rules
with regard to use of a legal storage box. 
By subsequent filings, he sought redress for alleged ongoing denial of
his privileges associated with the storage box.[4]  

Appellees filed a plea
to the jurisdiction, asserting that the trial court did not have jurisdiction
on grounds that chapter 2001.176 sets venue in Travis County and expressly bars
judicial review of an internal procedure or rule of the TDCJ under section 2001.226.[5]  See Tex.
Gov't Code Ann. _ 2001.226 (Vernon
2000).  King filed an amended petition
seeking, among other things, a declaration of his federal and state
constitutional rights, injunctive relief, costs, and damages with respect to
violations of administrative rules regarding use of a legal storage box.  By his live pleading, King asserted that the
trial court had jurisdiction under chapter 14. 









At the hearing, the
parties conceded that King's live pleading as amended no longer addressed
judicial review under section 2001.176, and agreed that chapter 14
applied.  Appellees essentially argued
that their plea to the jurisdiction was viable because King still challenged
the administrative grievance process, sought interpretation of a TDCJ rule, and
thus involved section 2001.176.  At the hearing,
King admitted he sought review of his grievance and the decision to deny
it.  The trial court determined that,
based on the pleadings on file, King sought to resolve a grievance procedure
and, to do so, he must file in Travis County in accordance with proper
statutes.  

By its order, the
trial court granted the plea to the jurisdiction and denied all pending
motions.  It dismissed the case with
prejudice.

III.  Jurisdiction

A.  Standard of Review








As a general
proposition, before a court may address the merits of any case, the court must
have jurisdiction over the party or the property subject to the suit,
jurisdiction over the subject matter, jurisdiction to enter the particular
judgment, and capacity to act as a court.  State Bar of Tex. v. Gomez, 891 S.W.2d
243, 245 (Tex. 1994).  If the district
court lacks jurisdiction, then its decision would not bind the parties.  See id.  A decision that does not bind the parties
is, by definition, an advisory opinion prohibited by Texas law.  Id. A trial court's lack of subject
matter jurisdiction is fundamental error and may be raised the first time on
appeal.  See Tex. Ass'n of Bus. v.
Tex. Air Control Bd., 852 S.W.2d 440, 442‑44 (Tex. 1993).  Whether a court has subject matter
jurisdiction is a question of law. 
Tex. Dep't of Parks and Wildlife v. Miranda, 133 S.W.3d 217, 226
(Tex. 2004).  Whether a pleader has
alleged facts that affirmatively demonstrate a trial court's subject matter
jurisdiction is a question of law, to be reviewed de novo.  Id. 
Likewise, whether undisputed evidence of jurisdictional facts
establishes a trial court's jurisdiction is also a question of law.  Id. 
However, in some cases, disputed evidence of jurisdictional facts that
also implicates the merits of the case may require resolution by the finder of
fact.  Id.

In our review, we
determine if the pleader has alleged facts that affirmatively demonstrate the
court's jurisdiction to hear the cause.  See
id. We construe the pleadings liberally in favor of the plaintiffs and look
to the pleader's intent.  Id.  If the pleadings do not contain sufficient
facts to affirmatively demonstrate the trial court's jurisdiction but do not
affirmatively demonstrate incurable defects in jurisdiction, the issue is one
of pleading sufficiency and the plaintiff should be afforded the opportunity to
amend.  Id. at 226‑27.  If the pleadings affirmatively negate the
existence of jurisdiction, then a plea to the jurisdiction may be granted
without allowing the plaintiffs an opportunity to amend.  Id. at 227.

B.  De Novo or Judicial District Court Review
under Chapter 2001








Looking to the
pleader's intent and considering King's argument, we conclude he essentially
argues that de novo review is available under chapter 14 and section
2001.173 of the government code.  See
Tex. Gov't Code Ann. _ 2001.173 (Vernon
2000).[6]  Appellees counter that, however King
characterizes his claim, section 2001.226 clearly states that review does not
apply to TDCJ inmates.[7]  See Tex.
Gov't Code Ann. _ 2001.226 (Vernon
2000).  








We agree with
appellees.  A person may obtain judicial
review of an administrative action only if a statute provides a right to
judicial review or the action adversely affects a vested property right or
otherwise violates a constitutional right. 
See Cont'l Cas. Ins. Co. v. Functional Restoration Assocs.,
19 S.W.3d 393, 397 (Tex. 2000); Firemen's & Policemen's Civil Serv.
Comm'n v. Kennedy, 514 S.W.2d 237, 239 (Tex. 1974); City of Amarillo v.
Hancock, 239 S.W.2d 788, 790 (Tex. 1951). 
King's lawsuit requests de novo review of an administrative
decision disallowing use of a legal storage box.  To review the decision involves review of the
internal rules controlling use of a legal storage box.  Because King's claim involves a rule of the
TDCJ "that applies to an inmate or any other person under the custody or
control of the department or to an action taken under that rule or
procedure," within the clear meaning of the statute, we conclude that the
declaratory cause of action falls within the scope of section  2001.226 and, thus, is barred.  King's constitutional claims are likewise
barred.  Section 2001.226 expressly
applies to an "internal procedure of the Texas Department of Criminal
Justice or Texas Board of Criminal Justice that applies to an inmate" or
"to an action taken under that rule or procedure."  See Tex.
Gov't Code Ann. _ 2001.226 (Vernon
2000).  We must presume that the
Legislature intended the plain meaning of the words it used in the statute, and
we must give effect to its intent.  The
plain meaning of the terms contemplate constitutional claims raised with
respect to the rules.  

In sum, by his live
pleading King ostensibly sought in material part a declaration of his
rights.  In a proceeding for declaratory
judgment, the court may award costs and further relief when necessary and
proper; however, such relief must be within the existing jurisdiction of the
court.  See Tex. Civ. Prac. & Rem. Code Ann. '' 37.009, 37.011
(Vernon 1997).  King admittedly sought
judicial review of an administrative rule of the TDCJ.  Such review is barred.  See
Tex. Gov't. Code Ann. _ 2001.226 (Vernon
2000).  The district court had no power to
grant the relief sought.  Id. 








          However
characterized, King's claim involves a rule of the TDCJ.  Chapter 2001 does not authorize the review
requested.  See id.  Even assuming that it does, the chapter
confers jurisdiction in a Travis County district court and not in the present
district court.  See Tex. Gov't Code Ann. _ 2001.176 (Vernon
2000).  We will not disturb the
trial court's dismissal on grounds that King's claim is barred by section
2001.226.  Id.  We overrule the first part of King's first
issue presented.  

C.  Chapter 14  

By a sub-issue in his
first issue, King asserts that the trial court erred in dismissing for lack of
jurisdiction because it had jurisdiction under chapter 14.[8]   He maintains that chapter 14 was not
addressed below and was not part of appellees' plea to the jurisdiction.  Appellees respond generally that the trial
court properly dismissed the case.  King
replies that the trial court did not rule with respect to chapter 14 and, if it
implicitly did so, it improperly granted appellees more relief than requested
in their dispositive pleading. 
Alternatively, he maintains that the district court has jurisdiction to
review his claim under chapter 14 but has not done so.    








The purpose of chapter
14's procedural requirements is to deter "constant, often duplicative,
inmate litigation."  Lilly v.
Northrep, 100 S.W.3d 335, 337 (Tex. App.BSan Antonio 2002, pet. denied); Obadele v.
Johnson, 60 S.W.3d 345, 348 (Tex. App.BHouston [14th Dist.]
2001, no pet.).  The trial courts are
given broad discretion to determine whether an inmate's suit should be dismissed
because:  (1) prisoners have a strong
incentive to litigate; (2) the government bears the cost of an in forma
pauperis suit; (3) sanctions are not effective; and (4) the dismissal of
unmeritorious claims benefits state officials, courts and meritorious
claimants.  Aguilar v. Chastain,
923 S.W.2d 740, 743 (Tex. App.BTyler 1996, writ
denied).  Dismissal is appropriate if the
court determines that the claim is frivolous or malicious.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 14.003(a)(2) (Vernon
2002); Jackson v. Texas Dep't of Criminal JusticeBInst. Div., 28 S.W.3d 811, 814
(Tex. App.BCorpus Christi 2000,

 pet. denied). 

In his live pleading,
King claimed jurisdiction existed under chapter 14.  In their plea to the jurisdiction, appellees
stated in general that the purpose of their motion was to demonstrate that King
failed to state a cognizable claim against them under applicable State law and,
thus, the lawsuit must be dismissed. 
Appellees moved to dismiss on lack of jurisdiction grounds in the
context of chapter 2001.  In their plea,
they did not address chapter 14.  At the
hearing, appellees agreed with King that chapter 14 applied to King's
claim.  At the time, King had a pending
motion for summary judgment asserting generally that there was no evidence to
refute the allegations in his petition and he was entitled to judgment as a
matter of law.








The trial court's
order grants the plea to the jurisdiction and dismisses with prejudice.  In a separate paragraph, the order recites,
"The court further DENIES all other pending motions and requests for
relief not expressly granted in this motion."  

By its order, the
trial court expressly granted appellees' plea to the jurisdiction on chapter
2001 grounds.  The dismissal order
expressly denied other pending motions before the trial court which included
King's summary-judgment motion.    Even
if appellees' plea to the jurisdiction did not encompass chapter 14, King's
motion for summary judgment did.  We
conclude that the trial court properly exercised its power under chapter 14 to
review King's summary-judgment motion and denied that motion.  With respect to chapter 2001, the trial court
properly dismissed for lack of jurisdiction. 
Because the trial court  ruled
with respect to chapter 14, we affirm that part of the trial court's order
expressly denying his motion for summary judgment.   We overrule the sub-issue in King's first
issue presented.

IV.  Remaining Issues

A.  Dismissal with Prejudice








By his second issue,
he maintains that the trial court improperly dismissed the case with
prejudice.  Dismissal with prejudice
constitutes an adjudication on the merits and operates as if the case had been
fully tried and decided.  Crain v.
Prasifka, 97 S.W.3d 867, 870 (Tex. App.BCorpus Christi 2003, pet. denied) (citing Ritchey
v. Vasquez, 986 S.W.2d 611, 612 (Tex. 1999); Mossler v. Shields, 818
S.W.2d 752, 754 (Tex. 1991)).  Thus,
orders dismissing cases with prejudice have full res judicata and collateral
estoppel effect, barring subsequent relitigation of the same causes of action
or issues between the same parties.  Crain,
97 S.W.3d at 870 (citing Barr v. Resolution Trust Corp., 837 S.W.2d 627,
630‑31 (Tex. 1992); McConnell v. Att'y Gen. of Tex., 878 S.W.2d
281, 283 (Tex. App.BCorpus Christi 1994,
no writ)).  

By its order, the
trial court accomplished two things.  It
granted the plea to the jurisdiction, and so dismissal with respect to chapter
2001 was proper.  See Tex. Gov't. Code Ann. _ 2001.226.  It denied King's summary-judgment motion, and
so dismissal with respect to chapter 14 was also proper.   See Crain, 97 S.W.2d at 870.  However, a dismissal under chapter 14 is not
a dismissal on the merits but, rather, an exercise of the trial court's
discretion under chapter 14.  See id.  Accordingly, we sustain King's second  issue presented.  We modify the trial court's order of
dismissal by deleting the words "with prejudice" and substituting the
words "without prejudice." As modified, the trial court's order is
affirmed. 

B.  Finality

By his third issue,
King maintains that the trial court failed to rule on his pending motions.  Before pronouncing its decision, the trial
court stated it reviewed the file "fairly extensively" and considered
the parties' arguments.  The trial
court's order expressly disposes of all pending motions.  Because the order disposes of all parties and
claims based on the record in the case, it is final.  Lehmann v. Har‑Con Corp., 39
S.W.3d 191, 200 (Tex. 2001).  We overrule
King's third issue presented.

C.  Notice of the Hearing








By his fourth issue,
King maintains that the trial court denied him timely notice of the
hearing.  He did not object below, and so
he has failed to preserve error.  See Tex. R. App. P. 33.1(a)(1)(A).  Even assuming he preserved error, King fully
participated in the hearing conducted by telephone and, thus, has not shown
harm.  See Tex. R. App. P. 44.1. 
We overrule his fourth issue presented.

D.  Nonappearance

By his fifth issue,
King maintains that the trial court disposed of his claim against Moores even
though she has never answered or addressed the lawsuit.  He 
argues that the trial court granted more relief than requested.

We reviewed the
appellate record before us.  See Tex. R. App. P. 34.  We cannot determine whether Moores  was served with citation or appeared.   Even so, "[e]very reasonable
presumption will be indulged to sustain a judgment and nothing will be presumed
against it; all prior requisites to the rendition of a judgment will be
presumed to have been fulfilled and the recitals in a judgment will be presumed
to state the truth."  Miller v.
Hood, 536 S.W.2d 278, 285 (Tex. Civ. App.CCorpus Christi 1976, writ ref'd n.r.e.).  In the absence of evidence to the contrary,
we presume the regularity of the trial court's order and records.  Id. 


Further, even assuming
Moores was never served with citation and did not file an answer, nothing in
the record demonstrates that King ever expected to obtain service upon
Moores.  In these circumstances,  the case stands as if there had been a
discontinuance with respect to Moores and the order is to be regarded as final
for the purposes of appeal.  See M.O.
Dental Lab v. Rape, 139 S.W.3d 671, 674 (Tex. 2004).  We overrule King's fifth issue presented.








V.  Conclusion

We overrule King's
first, third, fourth, and fifth issues presented.  We sustain his second  issue and modify the trial court's order to
reflect the dismissal is "without prejudice."   We affirm the trial court's order as
modified.

 

ERRLINDA CASTILLO

Justice 

 

 

Memorandum Opinion delivered and filed this 

the 13th day of July,  2006.

 

 











[1]See Tex. R.
App. P. 47.1, 47.4.





[2] In a civil case, this Court will
accept as true the facts stated unless another party contradicts them.  See Tex.
R. App. P. 38.1(f).  The statement
must be supported by record references.  Id.





[3] Appellees are Cathy Moores, P.
Schaefer, G. Herrera, Warden A. Castillo, and V. Barrow, in their official
capacities.





[4] We construe King's letters as
supplements to his original petition.





[5] Section 2001.226 states:

 

This chapter does not apply to a
rule or internal procedure of the Texas Department of Criminal Justice or Texas
Board of Criminal Justice that applies to an inmate or any other person under
the custody or control of the department or to an action taken under that rule
or procedure.

 

Tex. Gov't
Code Ann. _ 2001.226 (Vernon 2000).   





[6] Section 2001.173 states:

 

(a) If the manner of review
authorized by law for the decision in a contested case that is the subject of
complaint is by trial de novo, the reviewing court shall try each issue of fact
and law in the manner that applies to other civil suits in this state as though
there had not been an intervening agency action or decision but may not admit
in evidence the fact of prior state agency action or the nature of that action
except to the limited extent necessary to show compliance with statutory
provisions that vest jurisdiction in the court. 


 

(b) On demand, a party to a trial
de novo review may have a jury determination of each issue of fact on which a
jury determination could be obtained in other civil suits in this state.

 

Tex.
Gov't Code Ann. ' 2001.173 (Vernon 2000).





[7] An inmate must exhaust his
administrative remedies before filing suit. 
See Tex. Gov't Code Ann. '' 501.007B.008 (Vernon 2004) (outlining the
specific procedures an inmate must complete in order to exhaust his
administrative remedies).  King filed
copies of his grievance, showing the date his grievances were filed, the date
written decisions were received, and copies of the written decisions.  The parties do not dispute that he exhausted
his administrative remedies.





[8] In determining whether a claim is
frivolous or malicious, the trial court may consider whether: 

 

(1) the claim's realistic chance of
ultimate success is slight;

 

(2) the claim has no arguable basis
in law or in fact;

 

(3) it is clear that the party cannot
prove facts in support of the claim; or

 

(4) the claim is substantially
similar to a previous claim filed by the inmate because the claim arises from
the same operative facts.

 

Tex. Civ.
Prac. & Rem. Code Ann.
' 14.003(b) (Vernon 2002).