Jeraldmain Crain v. Prasifka 









NUMBER 13-01-00790-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG


JERALDMAIN CRAIN, Appellant,



v.



THOMAS PRASIFKA, RICHARD MORRIS,

AND MARY GONZALEZ, Appellees.


On appeal from the 156th District Court of Bee County, Texas.

 

OPINION ON MOTION FOR REHEARING

Before Justices Hinojosa, Yañez, and Castillo


Opinion by Justice Hinojosa


 We issued our original opinion in this case on July 18, 2002. Appellees, Thomas Prasifka, Richard Morris, and Mary
Gonzalez, (1) have filed a motion for rehearing, and appellant, Jeraldmain Crain, has filed a response. We withdraw our
original opinion and substitute the following as the opinion of the Court.

 Crain, an inmate in the Institutional Division of the Texas Department of Criminal Justice ("TDCJ"), sued appellees for
failing to protect him from sexual assault by another inmate. In three issues, Crain contends the trial court erred in
dismissing his case "with prejudice." We modify the trial court's dismissal order and affirm it, as modified.

 Crain was placed in TDCJ's McConnell Unit in Bee County on September 25, 2000. In his petition, Crain alleged: (1) that
upon his arrival at the McConnell Unit, he was taken before the Unit Classification Committee ("UCC"), and his request
that he be placed in safekeeping (2) because he is a homosexual, was denied; (2) on September 29, 2000, he again requested
safekeeping after two inmates physically threatened him; (3) on October 2, 2000, he again appeared before the UCC, and
his request for safekeeping was again denied; (4) he was subsequently placed in a cell with Terry McGee, an inmate who
had a history of sexual misconduct and assault; (5) McGee sexually assaulted him on October 6, 2000; (6) on October 12,
2000, he sent Prasifka a letter, informing him of the sexual assault and complaining that by refusing to grant him
safekeeping, Morris and Gonzalez were deliberately indifferent to his safety; (7) McGee continued to sexually assault him
until October 16, 2000, when Crain was taken to the infirmary; and (8) he was later moved to another cell.

 The two-step "Offender Grievance Program" is the sole source of administrative remedy for TDCJ inmates. (3) TDCJ
provides inmates with a standardized "step 1" grievance form. TDCJ responds to the inmate's grievance on the reverse side
of the form. The response is called an "administrative decision." As part of the standardized form, in fine print, the reverse
side of the "step 1" grievance form advises: "If you are dissatisfied with the step 1 response, you may submit a step 2."

 On October 14, 2000, Crain filed a "step 1" grievance, complaining of the events which occurred prior to that date. He
received an administrative decision, dated November 18, 2000, which stated: "due to the nature of your complaint, a copy
of this grievance will be forwarded through the Administrator of Offender Grievance Program to the Internal Affairs
Division." Crain did not file a "step 2" grievance.

 Crain subsequently sued appellees. Appellees moved the trial court to dismiss the case because Crain's pleadings did not
show that he had exhausted his administrative remedies, as required by statute. After a hearing, the trial court granted
appellees' motion and dismissed the case "with prejudice."

 In his first issue, Crain complains that the trial court did not allow him to present evidence of exhaustion of remedies,
including administrative irregularities. In his second issue, Crain contends the trial court misconstrued chapter 14 of the
Texas Civil Practice and Remedies Code.

 We review a trial court's action on a motion to dismiss under an abuse of discretion standard. Dillon v. Ousley, 890
S.W.2d 500, 501 (Tex. App.--Corpus Christi 1994, no writ). We determine whether the trial court acted without reference
to guiding principles. Id. We determine whether the action was arbitrary or unreasonable. Id. 

 In their motion to dismiss, appellees asserted that Crain had failed to comply with section 14.005 of the Texas Civil
Practice and Remedies Code because he had not shown that he had filed a "step two" grievance. The trial court granted the
motion because "there is no step two in this matter." 

 Section 14.005 of the civil practice and remedies code provides:

§ 14.005. Grievance System Decision; Exhaustion of Administrative Remedies 

 


 An inmate who files a claim that is subject to the grievance system established under Section 501.008, Government
Code, shall file with the court: 



 


 
 an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision
described by Section 501.008(d), Government Code, was received by the inmate; and 

 


 


 
 a copy of the written decision from the grievance system. 

 


 


 A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the
written decision from the grievance system.


 


 If a claim is filed before the grievance system procedure is complete, the court shall stay the proceeding with respect to
the claim for a period not to exceed 180 days to permit completion of the grievance system procedure.

Tex. Civ. Prac. & Rem. Code Ann. § 14.005 (Vernon Supp. 2002) (emphasis added). Section 501.008(d) of the Texas
Government Code provides:


 


 An inmate may not file a claim in state court regarding operative facts for which the grievance system provides the
exclusive administrative remedy until:



 


 
 the inmate receives a written decision issued by the highest authority provided for in the grievance system; or
 


 


 
 if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date the
grievance is filed.
 


 

Tex. Gov't Code Ann. § 501.008 (d) (Vernon 1998). 

 The record shows that Crain filed a "step 1" grievance and received an administrative decision from TDCJ that his
grievance was being forwarded to the Internal Affairs Division. At the hearing on the motion to dismiss, appellees argued
that Crain had failed to establish that he had timely exhausted his administrative remedies by filing a "step 2" grievance. 
Crain responded that he did not need to fill out the "step 2" grievance form because his grievance had already been referred
to the highest authority in the grievance system, the Internal Affairs Division. In other words, Crain argued that TDCJ had
turned his "step 1" grievance into a "step 2" grievance. 

 TDCJ's system to resolve inmate grievances must be exhausted before an inmate can file suit. See Tex. Gov't Code Ann. §
501.008 (Vernon 1998). The record shows that Crain's "step 1" grievance was filed on October 14, 2000, and he received
the administrative decision on November 18, 2000. Crain did not file a "step 2" grievance. 

 By not filing a "step 2" grievance, Crain failed to exhaust his administrative remedies. See Pedraza v. Tibbs, 826 S.W.2d
695, 699 (Tex. App.-Houston [1st Dist.] 1992, writ dism'd w.o.j.). We hold the trial court did not abuse its discretion in
dismissing Crain's suit. Crain's first and second issues are overruled.

 In his third issue, Crain contends the trial court abused its discretion by dismissing his case "with prejudice."

 Dismissal with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and
decided. See Ritchey v. Vasquez, 986 S.W.2d 611, 612 (Tex. 1999); Mossler v. Shields, 818 S.W.2d 752, 754 (Tex. 1991). 
Thus, orders dismissing cases with prejudice have full res judicata and collateral estoppel effect, barring subsequent
relitigation of the same causes of action or issues between the same parties. See Barr v. Resolution Trust Corp., 837 S.W.2d
627, 630-31 (Tex. 1992); McConnell v. Att'y Gen. of Tex., 878 S.W.2d 281, 283 (Tex. App.-Corpus Christi 1994, no writ). 

 In this case, the trial court's dismissal with prejudice acts as a bar to any suit, arising out of the same facts, brought by
Crain against appellees. We hold that a dismissal for failure to comply with the conditions in section 14.005 is not a
dismissal on the merits, but rather an exercise of the trial court's discretion under chapter 14 of the civil practice and
remedies code. See Hickman v. Adams, 35 S.W.3d 120, 124-25 (Tex. App.-Houston [14th Dist.] 2000, no pet.). We
sustain Crain's third issue.

 We modify the trial court's order of dismissal by deleting the words "with prejudice" and substituting the words "without
prejudice." As modified, the trial court's order is affirmed.

 FEDERICO G. HINOJOSA

Justice




Opinion delivered and filed this the

30th day of January, 2003.

1. Thomas Prasifka is the warden of TDCJ's McConnell Unit. Richard Morris and Mary Gonzalez are members of the
McConnell Unit Classification Committee.

2. Safekeeping, or safekeeping status, is a form of protective custody in which a prisoner is shielded from the general
population of the prison due to individual circumstances which put him at risk.

3. Although the applicable inmate grievance procedure was not made a part of the record by either party, the record shows
the procedure in this case closely tracks the procedure described by the Fifth Circuit in Wendell v. Asher, 162 F.3d 887 (5th
Cir. 1998):

The Texas Department of Criminal Justice currently provides a two-step procedure for presenting administrative
grievances. Step 1 requires the prisoner to submit an administrative grievance at the institutional level. TEXAS
DEPARTMENT OF CRIMINAL JUSTICE, Administrative Directive No. AD-03.82 (rev. 1), Policy P IV (Jan. 31, 1997). 
After an investigation, the unit grievance investigator prepares a report and makes a recommendation to the final decision
maker for step 1 of the process, which may be the warden, assistant warden, facility administrator, assistant facility
administrator, or health administrator. Id. Step 2 permits the prisoner to submit an appeal to the division grievance
investigation with the Institutional Division of the Texas Department of Criminal Justice. After an investigation, the
departmental grievance investigator prepares a report and makes a recommendation to the final decision maker for step 2 of
the process, which is the director, deputy director, regional director or assistant director. Id.

Wendell, 162 F.3d at 891.