In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-257 CV


 ______________________


 

BRUCE WAYNE HOUSER, Appellant



V.



PAULA S. FOY, ET AL., Appellees






On Appeal from the 58th District Court


Jefferson County, Texas


Trial Cause No. A-174192






MEMORANDUM OPINION
 

 Bruce Wayne Houser, a pro se inmate proceeding in forma pauperis, appeals an order
dismissing his lawsuit for failure to comply with Chapter 14 of theTexas Civil Practice and
Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (Vernon 2002). 
Asserting claims of denial of access to the courts, interference with his mail, and violations
of the Texas Department of Criminal Justice's mail policy, Houser sued sixteen defendants. (1) 
Appellees filed a motion to dismiss asserting that Houser's suit was not in compliance with
the requirements of Chapter 14. We review dismissal of Chapter 14 suits under an abuse of
discretion standard. Moore v. Zeller, 153 S.W.3d 262, 263 (Tex. App.--Beaumont 2004, pet.
denied).

 Section 14.004 requires an inmate to file a separate affidavit or declaration identifying
and describing each lawsuit previously filed by the inmate. Tex. Civ. Prac. & Rem. Code
Ann. § 14.004 (Vernon 2002); see White v. State, 37 S.W.3d 562, 563-65 (Tex. App.--
Beaumont 2001, no pet.). In describing the prior claims, the inmate must (1) state the
operative facts for which he sought relief, (2) list the case name, cause number, and the court
in which he filed the suit, (3) identify each party named in the suit, and (4) state the result of
the suit. Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a)(2). If a court dismissed any of the
prior lawsuits as frivolous or malicious, the inmate must state the date of the final order
affirming the dismissal. Id. § 14.004(b). The purpose of the "section 14.004 affidavit is to
enable the trial court to determine, based on the previous filings, whether the pending lawsuit
is frivolous because it is substantially similar to a prior claim filed by the inmate." Spurlock
v. Johnson, 94 S.W.3d 655, 657-58 (Tex. App.--San Antonio 2002, no pet.). Houser filed
an affidavit setting out three previous state court filings. In their motion to dismiss, appellees
asserted Houser had other filings he did not list. (2) At the hearing on the motion to dismiss,
the trial court required appellees to provide evidence of other prior filings. Appellees did so. 
The evidence of prior filings included lawsuits filed in federal court and in Texas state
courts. Houser failed to identify all of the lawsuits. See Tex. Civ. Prac. & Rem. Code Ann.
§ 14.004. The statute does not limit the required identification of lawsuits to those filed in
Texas state courts. Id. Houser did not meet the requirements of section 14.004. We overrule
Houser's issues. The trial court did not abuse its discretion in dismissing his lawsuit for
noncompliance with Chapter 14.

 The trial court dismissed Houser's suit with prejudice. Dismissal with prejudice is an
adjudication on the merits and operates as if the case has been fully tried and decided. Crain
v. Prasifka, 97 S.W.3d 867, 870 (Tex. App.--Corpus Christi 2003, pet. denied). Generally
a dismissal for failure to comply with section 14.004 requirements is not a dismissal on the
merits. See Pena v. McDowell, 201 S.W.3d 665, 665-66 (Tex. 2006). We modify the trial
court's order of dismissal by deleting the words "with prejudice" and substituting the words
"without prejudice." As modified, the trial court's order is affirmed.

 AFFIRMED AS MODIFIED.


 

 DAVID GAULTNEY

 Justice


Submitted on May 24, 2007

Opinion Delivered August 30, 2007


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. Those defendants are Vera Breaux, Constantlian Buxie, Cynthia Chiles, Katherine
Coleman, Paula Foy, Kawanda Quincy, Jennifer Smith, Kelli Ward, Michelle Warner,
Bonnie Young, Rochelle L. Willis, Lacherrian D. Allen, V. Barrow, Clarence Mosley, Jr.,
Wesley E. Freeman, and "T.D.C.J. State Agency." The record does not reveal if all
defendants were served with citation. Ten filed an answer and motion to dismiss. 
2. In his April 12, 2005, reply to appellees' motion to dismiss, as well as in the April
4, 2006, hearing and on appeal, Houser asserts he should have been allowed to "cure" any
non-compliance with Chapter 14. Houser never amended his petition in the year between
appellees' motion to dismiss and the dismissal hearing. We find no abuse of the trial court's
discretion under the circumstances.