

# NUMBER 13-07-394-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **EDUARDO A. TREVINO,** | **Appellant,** |
| **v.** | |
| **SR. WARDEN MR. PAUL MORALES, ET AL.,** | **Appellees.** |

### On appeal from the 36th District Court
### of Bee County, Texas

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Vela

Appellant, Eduardo A. Trevino, files this pro se and in forma pauperis appeal against appellees, Senior Warden Paul Morales, Senaida Ambriz, Candace Moore, and Michael Martinez, complaining of the trial court's order dismissing his case. By two issues, Trevino

argues that the trial court erred in arbitrarily dismissing his case without reason and in failing to grant him a new trial.  We affirm.

## I. BACKGROUND

Trevino is an inmate incarcerated in the Texas Department of Criminal Justice.  He filed a lawsuit against appellees asserting that he had been denied access to the courts. Appellees filed a motion to dismiss the case, urging that Trevino had failed to exhaust his statutory remedies.  The motion to dismiss points out that Trevino admitted that he did not exhaust the grievance process.  Appellees' motion was accompanied by the affidavit of John M. Patrick, a program specialist with the Texas Department of Criminal Justice. According to Patrick, he conducted an analysis of Trevino's grievance history.  Trevino filed ninety-eight grievances from August 8, 2002 through January 9, 2007.  Of these, Trevino successfully pursued 46 through step two of the grievance process.  Twenty of those pursued through step two of the grievance process pertained to access to the courts. According to Patrick's affidavit, there was no record, however, that Trevino pursued the grievance made the basis of this lawsuit  to step two.   Patrick further averred that a copy of the grievance case tracking system documents that Trevino only followed the procedure in this matter through step one.

## II.  STANDARD OF REVIEW AND SUBSTANTIVE LAW

The proper standard of review for the dismissal of an inmate's lawsuit is abuse of discretion.  *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.–Corpus Christi 2001, pet. denied).  Inmate litigation is governed by special procedural rules set forth in chapter 14 of the Texas Civil Practice and Remedies Code.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002-.014 (Vernon 2005).  Under chapter 14,  a court may dismiss a claim if it finds,

2

among other things, that the claim is frivolous. Here, the trial court's general order found Trevino's petition to be frivolous. *See id.* § 14.003 (a)(2). Thus, we may affirm if any of the theories advanced warrant dismissal. *See Walker v. Gonzales County Sheriff's Dep't.*, 35 S.W.3d 157, 162 (Tex. App.–Corpus Christi 2000, pet. denied). The two step "Offender Grievance Program" is the sole source of administrative remedy for TDCJ inmates. *Crain v. Prasifka*, 97 S.W.3d 867, 868 (Tex. App.–Corpus Christi 2003, pet. denied). TDCJ's system must be exhausted before an inmate can file suit. *Id*.

## III. ANALYSIS

The record reflects that Trevino filed a step one grievance on May 24, 2005, and received it back on June 17, 2005. The affidavit filed in support of appellees' motion shows that a step two grievance was not filed, although Trevino believes he filed one. The evidence supporting the dismissal motion shows that step 2 was not followed. Absent evidence to the contrary, the trial court was within its discretion to dismiss the case. Trevino has not complied with the mandatory exhaustion requirements set forth in section 551.008 of the government code. *See* TEX. GOV'T CODE ANN. § 501.008. (Vernon 2004); *Prasifka*, 97 S.W.3d at 868-70. The trial court properly exercised its discretion in dismissing the case. We overrule Trevino's first issue.

Trevino urges in his second issue that the trial court erred in denying his motion for new trial. The dismissal order was entered on May 23, 2007. Trevino filed his motion for new trial on July 17, 2007, more than thirty days after the entry of the trial court's judgment. TEX. R. CIV. P 329b. Without a timely motion for new trial, the trial court retained plenary power to change its order for only 30 days after the judgment. TEX. R. CIV. P. 329b(d).

Because the trial court had no jurisdiction over the matter at the time the motion for new trial was filed, there was no abuse of discretion. We overrule Trevino's second issue.

## IV. Conclusion

The judgment of the trial court is affirmed.


ROSE VELA
Justice

Memorandum Opinion delivered and
filed this 29th day of July, 2008.