# NO. 12-14-00016-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JUAN ENRIQUEZ,* *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | | |
| | § | *JUDICIAL DISTRICT COURT* |
| *RICK THALER, BRAD LIVINGSTON, OLIVER BELL, TODD FOXWORTH, JOHN RUPERT, and REYNALDO CASTRO,* *APPELLEES* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Juan Enriquez appeals from the trial court's dismissal of his suit pursuant to Chapter Fourteen of the Texas Civil Practice and Remedies Code. He raises four issues on appeal. We affirm.

### BACKGROUND

Enriquez, an inmate in the Texas Department of Criminal Justice-Institutional Division (TDCJ), filed suit in Travis County in February 2012, against Rick Thaler, Director, TDCJ; Brad Livingston, Executive Director, TDCJ; and Oliver Bell, Chair, TDCJ, each individually and in his official capacity. Upon motion of the defendants, the case was transferred to Anderson County by order dated February 6, 2013. On May 8, 2013, Enriquez filed his First Amended Petition alleging violations of his right to equal protection pursuant to United States Code Title 42, Section 1983 and racial discrimination in violation of the federal and state constitutions. He sought declaratory and equitable relief as well as actual, exemplary, and nominal damages. By supplemental petition, Enriquez added as defendants Todd Foxworth, John Rupert, and Reynaldo Castro, all former wardens of the Michael Unit, and "John Doe," a name he used to refer to all correctional officers who carried out the orders of their superiors. Defendants moved to dismiss

the case pursuant to Texas Civil Practice and Remedies Code Chapter Fourteen. The trial court determined that Enriquez's claims are frivolous or malicious, that he failed to file an affidavit relating to previous filings that complied with the statute, and that he failed to exhaust his administrative remedies. Therefore, the court dismissed the suit without prejudice. The court found that Enriquez was not indigent and ordered him to pay court fees and costs charged to him in this cause in accordance with Chapter Fourteen.

## JURISDICTION

After this cause was submitted to this court for consideration, Enriquez filed a plea to the jurisdiction. He asserts that the district clerk presented the cost bill after he filed his notice of appeal. Therefore, he did not have the opportunity to alert the trial court to the variance between the amount allowed by statute to be withdrawn to pay costs and what was withdrawn. He contends his notice of appeal was premature because the trial court has not rendered judgment on the issue of the accuracy of the withdrawal notification. Therefore, he argues, he has not been given the required due process.

Based on Enriquez's inmate trust account statement, the court found Enriquez is not indigent. In compliance with Texas Civil Practice and Remedies Code Section 14.006, the trial court ordered that Enriquez shall pay an amount equal to the lesser of twenty percent of the preceding six months' deposits to his trust account or the total amount of court fees and costs. The court further ordered that, in each month following the month in which payment is made as above, he shall pay an amount equal to the lesser of ten percent of that month's deposits to the trust account or the total amount of court fees and costs that remain unpaid. Finally, the court ordered that payments shall continue until the total amount of court fees and costs are paid or until the inmate is released from confinement. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.006 (West 2002). Enriquez acknowledges that he received notice of the costs assessed against him and had the opportunity to challenge that assessment in his motion to vacate judgment.

The district clerk's bill of costs was not produced until four months after the dismissal order was signed. That bill reflects actual amounts charged, not amounts withdrawn from the inmate's account. Enriquez appears to be complaining that amounts withdrawn from his account were greater than ordered and that he has not had the opportunity to bring this to the attention of the trial court, a denial of due process. Thus, he argues, this appeal should be abated and the

2

cause remanded to the trial court for consideration of the "prison withdrawal notification." We disagree.

The Texas Government Code authorizes the Texas Department of Criminal Justice to make withdrawals from an inmate's account to pay for all orders for court fees and costs. TEX. GOV'T CODE ANN. § 501.014(e)(4) (West 2012). Such a withdrawal notification is akin to a garnishment action and can be contested by the inmate separately from the judgment ordering payment. *Maldonado v. State*, 360 S.W.3d 10, 13 (Tex. App.–Amarillo 2010, no pet.). The cause before us does not involve a Section 501.014 withdrawal notification. Here, all pending parties and claims were finally disposed of and the December 11, 2013 order of dismissal is therefore final. *See Lehmann v. Har-Con Corp*., 39 S.W.3d 191, 195 (Tex. 2001). We overrule Enriquez's plea to the jurisdiction.

## VENUE

In his first issue, Enriquez contends the Travis County trial court erred in transferring the case to Anderson County because he did not get the requisite forty-five day notice prior to the hearing on the motion to transfer. Further, he asserts, the trial court did not allow him to undertake the discovery contemplated by Texas Rule of Civil Procedure 88. He argues that, due to the shortened notice time, he lost the right to challenge the sufficiency of the evidence on which Defendants rely for their venue motion.

Enriquez argues that venue rulings are exempt from the harmless error rule and, therefore, if the trial court makes an erroneous venue ruling, the case must be reversed. In support of this argument, he cites to *Wilson v. Texas Parks & Wildlife Department*, 886 S.W.2d 259, 261 (Tex. 1994). *Wilson* stands for the proposition that, if a plaintiff files suit in a county of proper venue, it is reversible error to transfer venue even if the county of transfer would have been proper if originally chosen by the plaintiff. *Id*. Here, Enriquez initially filed his lawsuit in Travis County because some of the defendants are located in that county. However, this case is subject to a mandatory venue provision requiring an action that accrued while the plaintiff was housed in a facility operated by or under contract with the Texas Department of Criminal Justice to be brought in the county in which the facility is located. TEX. CIV. PRAC. & REM. CODE ANN. § 15.019(a) (West 2002). Enriquez was housed in a facility located in Anderson County and fails to explain what discovery was necessary on the venue issue. Accordingly, even if Enriquez

3

did not receive forty-five days' notice, the trial court did not err in granting Defendants' motion to transfer the case to Anderson County. *Id*. We overrule Enriquez's first issue.

## INDIGENCY

In his second issue, Enriquez asserts that the trial court abused its discretion in determining that he is not indigent. He argues that the trial court erroneously based its decision on a six month deposit period at the time of the payment order rather than on the six month deposit period preceding the filing of the lawsuit. He does not explain the basis for that statement.

Enriquez filed his original petition on February 13, 2012. He filed an affidavit of inability to pay costs on February 7, 2012, accompanied by a certified copy of his inmate trust account statement showing account information for August 2011 through January 2012. The statement shows a total of $570.00 in deposits in the preceding six months and an average balance of $199.03 over the six months. In its order of dismissal, the court found Enriquez not "indigent based upon the funds in his inmate trust account on February 7, 2012."

As a general rule, the test for determining an inmate's entitlement to proceed *in forma pauperis* is whether the record as a whole shows by a preponderance of the evidence that the inmate would be unable to pay the costs of his suit if he really wanted to and made a good faith effort to do so. ***Higgins v. Randall Cnty. Sheriff's Office***, 257 S.W.3d 684, 686 (Tex. 2008). An inmate who has funds in his inmate trust account at the time he files his affidavit of indigency is not considered indigent. *See **Donaldson v. Tex. Dep't of Criminal Justice–Corr. Insts. Div.***, 355 S.W.3d 722, 725 (Tex. App.–Tyler 2011, pet. denied).

Here, the February 7, 2012 trust account statement shows that Enriquez had deposits of $570.00 in the six months before filing suit. The six month average balance was $199.03, and the average deposit during the six month period was $95.00. Additionally, Enriquez filed a second trust account statement showing balance information for November 2011 through April 2012. The highest balance in February 2012, the month he filed suit, was $904.16 and total deposits in that month were $995.00. Because Enriquez had funds in his inmate trust account during the six months preceding his suit, and he had a positive balance in his account at the time he filed suit, the trial court did not abuse its discretion in finding him not indigent. *See **id**.*;

*McClain v. Terry*, 320 S.W.3d 394, 398 (Tex. App.–El Paso 2010, no pet.). We overrule Enriquez's second issue.

**CHAPTER FOURTEEN**

In his third issue, Enriquez contends that the statutory requirement that inmates must file a grievance and exhaust administrative remedies before filing suit does not apply to his claim of statutory and systemic racial segregation and discrimination. In his fourth issue, Enriquez contends that he filed an affidavit relating to previous filings in compliance with Section 14.004 and therefore the trial court abused its discretion in finding that he did not.

## Applicable Law

We review the trial court's dismissal of an *in forma pauperis* suit under an abuse of discretion standard. *Williams v. Tex. Dep't of Criminal Justice–Institutional Div.*, 176 S.W.3d 590, 593 (Tex. App.–Tyler 2005, pet. denied). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.). We will affirm a dismissal if it was proper under any legal theory. *See Johnson v. Lynaugh*, 796 S.W.2d 705, 706-07 (Tex. 1990) (per curiam).

Chapter Fourteen of the Texas Civil Practice and Remedies Code controls suits brought by an inmate in which the inmate filed an affidavit or unsworn declaration of inability to pay costs. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West Supp. 2014). Section 14.003 authorizes a trial court to dismiss an inmate's claim, filed *in forma pauperis*, either before or after service of process occurs, if it finds the claim to be frivolous. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (West 2002). Additionally, the inmate must comply with the procedural requirements set forth in Chapter Fourteen. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004, 14.005 (West 2002 & Supp. 2014). Failure to fulfill those procedural requirements will result in the dismissal of an inmate's suit. *Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.–Waco 2008, no pet.).

## Administrative Remedies

Chapter Fourteen requires, in part, that an inmate proceeding *in forma pauperis* properly exhaust his administrative remedies by completing the grievance process. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005. The Texas Department of Criminal Justice's inmate grievance

procedure is a two-step process outlined in its Offender Orientation Handbook. Tex. Dep't of Crim. Justice, *Offender Orientation Handbook,* 74-76 (Jan. 2015), http://www.tdcj.state.tx.us/documents/Offender_Orientation_Handbook_English.pdf. The inmate is to file the Step 1 grievance form within fifteen days of the alleged incident. The inmate may appeal the Step 1 response by filing a Step 2 grievance within fifteen days of the date the response is returned to the inmate. *Id*. at 74. The inmate may file a grievance only on issues that personally apply to him, with the exception of sexual abuse and related issues. *Id*. The Handbook lists grievable issues and nongrievable issues. The interpretation or application of TDCJ policies, rules, regulations, and procedures is grievable. *Id*. State or federal court decisions, laws, and regulations are not grievable. *Id*. at 75. Additionally, the federal Prison Litigation Reform Act specifically provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2013); **Booth v. Churner**, 532 U.S. 731, 739, 121 S. Ct. 1819, 1824, 149 L. Ed. 2d 958 (2001).

An inmate who files a clam that is subject to the grievance system established under Texas Government Code Section 501.008 shall file with the court an affidavit or unsworn declaration stating the date the grievance was filed and the date the written decision was received by the inmate, and a copy of the written decision from the grievance system. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a). A court shall dismiss a claim if the inmate fails to file the claim before the thirty-first day after the date the inmate receives the written decision from the grievance system. *Id*. § 14.005(b). An inmate may not file a claim in state court regarding operative facts for which the grievance system provides the exclusive administrative remedy until he receives a written decision issued by the highest authority provided for in the grievance system or, if he has not received a written decision, the 180th day after the date the grievance is filed. TEX. GOV'T CODE ANN. § 501.008(d) (West 2012). A claim is considered to have no arguable basis in law, and is therefore frivolous, if a prisoner has failed to exhaust his administrative remedies. **Retzlaff v. Tex. Dep't of Crim. Justice**, 94 S.W.3d 650, 653 (Tex. App.–Houston [14th Dist.] 2002, pet. denied).

Enriquez asserts that his causes of action are not subject to the grievance process. We disagree. Enriquez brought claims under United States Code Title 42, Section 1983 and the

United States and Texas Constitutions. The Prison Litigation Reform Act specifically states that claims regarding prison conditions that are brought under federal law are subject to administrative remedies. 42 U.S.C. § 1997e(a); *Booth*, 532 U.S. at 739, 121 S. Ct. at 1824.

In his petition, Enriquez globally complains that the defendants violated the Texas Constitution by discriminatory practices in the areas of educational programs, rehabilitative programs, housing and job assignments, dental and medical treatment, disciplinary administration, hiring practices, and policies regarding obtaining money and property from inmates. The TDCJ Offender Orientation Handbook states that the interpretation or application of TDCJ policies, rules, regulations, and procedures is grievable. Tex. Dep't of Crim. Justice, *Offender Orientation Handbook* at 74. Accordingly, Enriquez was required to complete the two-step grievance process. However, with the exception of certain issues not applicable here, he is allowed to file grievances only on issues that personally apply to him. *Id*.

Enriquez asserts that he filed a grievance raising the claims in this suit. The record does not include a copy of the grievance. Therefore, Enriquez has not shown the details or date of the alleged incident, or whether he filed the grievance within fifteen days of the incident. The record includes an advisory to the trial court, filed July 25, 2013, noting the grievance number, that Step 1 was completed June 11, 2013, long after this suit was filed, and setting out the response verbatim. The response refers to "racial mixing" in housing assignments. Assuming this grievance timely raised a claim in this suit, Enriquez did not file a Step 2 grievance appealing the Step 1 response. By not filing a Step 2 grievance, Enriquez failed to exhaust his administrative remedies for his allegation that Defendants discriminate in housing assignments. *Crain v. Prasifka*, 97 S.W.3d 867, 870 (Tex. App.–Corpus Christi 2003, pet. denied) (op. on reh'g). Because no grievances were filed for the remainder of his claims, Enriquez failed to exhaust his administrative remedies for those claims. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005; *Leachman v. Dretke*, 261 S.W.3d 297, 309 (Tex. App.–Fort Worth 2008, no pet.) (op. on reh'g). Accordingly, Enriquez failed to comply with Section 14.005's exhaustion of remedies requirement, a proper basis for the trial court's dismissal order. *See Brewer*, 268 S.W.3d at 767. We overrule Enriquez's third issue.

## Previous Claims

In determining whether a claim is frivolous or malicious, a trial court may consider whether the claim is substantially similar to a previous claim filed by the inmate that arises out of

the same operative facts.  TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(4) (West 2002). Accordingly, an inmate who files an affidavit or unsworn declaration of inability to pay costs must file a separate affidavit or declaration setting out the following information:

> (1) Identifying each action, other than an action under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the action was brought; and
> (2) Describing each suit that was previously brought by:
>     (A) stating the operative facts for which relief was sought;
>     (B) listing the case name, cause number, and the court in which the action was brought;
>     (C) identifying each party named in the action; and
>     (D) stating the result of the action, including whether the action or a claim that was a basis for the action was dismissed as frivolous or malicious.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a).

Further, if the affidavit or unsworn declaration filed under this section states that a previous action or claim was dismissed as frivolous or malicious, the affidavit or unsworn declaration must state the date of the final order affirming the dismissal.  *Id*. § 14.004(b). Substantial compliance with the affidavit of previous filings requirement has been held to be sufficient.  *Gowan v. Tex. Dep't of Crim. Justice*, 99 S.W.3d 319, 322 (Tex. App.–Texarkana 2003, no pet.).  However, the inmate must always include a sufficient description of the operative facts of prior suits, because that description is necessary for a trial court to make an evaluation as to whether the present suit is substantially similar to a prior suit.  *See Bell v. Tex. Dep't of Crim. Justice–Institutional Div.*, 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied).  The inmate's failure to sufficiently describe the operative facts of his prior suits entitles the trial court to presume that the instant suit is substantially similar to one previously filed by the inmate, and therefore, frivolous and subject to dismissal.  *See id*.

Enriquez failed to fully comply with the requirement that inmates proceeding *in forma pauperis* must file an affidavit or declaration setting out certain information so the trial court can determine if the claim is substantially similar to a previous claim filed by the inmate arising out of the same operative facts.  Although Enriquez filed his affidavit of previous filings listing eleven prior suits, it lacks some pertinent details.  One lawsuit, which does not name the court where the suit was filed, and does not name all of the defendants, complains that the defendants "operated a racially segregated and racially discriminatory prison system."  Two others, one of

8

which does not identify all of the defendants, complain of poor dental treatment. Therefore, the trial court could have found this suit frivolous because Enriquez's disclosure of the operative facts of his prior suits was insufficient to overcome the presumption that the instant suit is substantially similar to those he previously filed. *See **Bell***, 962 S.W.2d at 158. Accordingly, because Enriquez did not comply with the statutory requirement that he provide an adequate affidavit of prior suits filed, the trial court did not abuse its discretion in dismissing Enriquez's suit. *See **Brewer***, 268 S.W.3d at 767. We overrule Enriquez's fourth issue.

## CONCLUSION

The trial court's order of dismissal is final, and this court has jurisdiction over this appeal. Because this case is subject to a mandatory venue provision, venue is proper in Anderson County. The trial court did not err when it determined that Enriquez is not indigent, did not exhaust administrative remedies, and did not comply with the requirement that he adequately identify and describe previously filed suits. Accordingly, we ***affirm*** the trial court's order of dismissal. All pending motions are overruled as moot.

**GREG NEELEY**
Justice

Opinion delivered July 8, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 8, 2015

NO. 12-14-00016-CV

**JUAN ENRIQUEZ,**
Appellant
V.
**RICK THALER, BRAD LIVINGSTON, OLIVER BELL, TODD FOXWORTH,
JOHN RUPERT, and REYNALDO CASTRO,**
Appellees

Appeal from the 3rd District Court
of Anderson County, Texas (Tr.Ct.No. 3-41887)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed** and that this decision be certified to the court below for observance.

Greg Neely, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*