

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---------------------------------------------

No. 02-18-00052-CV

---------------------------------------------

MUQTASID ABDUL QADIR, Appellant

v.

MALCOM WISE, JUSTIN WILLIS, ARLENE FRANCO,
CODY MILLER, AND MOHAMED SARHANI, Appellees

---

On Appeal from the 78th District Court
Wichita County, Texas
Trial Court No. 187,261-B

---

Before Sudderth, C.J.; Gabriel and Pittman, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Appellant Muqtasid Abdul Qadir, an inmate in the Texas Department of Criminal Justice, filed an *in forma pauperis* suit pursuant to chapter 14 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.002 (West 2017). The trial court dismissed the suit, finding that it was frivolous and that Qadir failed to comply with chapter 14's requirements for such suits. Qadir appeals. We affirm.

## I. BACKGROUND

In his suit, Qadir alleged that appellees Malcom Wise and Justin Willis had unlawfully confiscated property that belonged to him, and he further alleged that the value of that property totaled $444. Qadir asserted that Wise subsequently initiated a disciplinary case against him for the possession of contraband. Qadir alleged that he then filed a step-one grievance against Wise for the wrongful confiscation of his property.

According to Qadir, appellee Cody Miller conducted the disciplinary hearing related to the disciplinary case Wise had initiated. Qadir alleged that Miller refused to consider evidence he had related to the ownership of the confiscated property and that Miller threatened to increase his punishment if he insisted on reading a written statement into the record or requested Wise's presence at the hearing. Further, Qadir asserted that appellee Arlene Franco had been the grading officer over the disciplinary case. And he alleged that appellee Mohamed Sarhani handled the step-one grievance

he had filed and denied him relief, stating that the items that had been confiscated would not be returned to him. Qadir asserted that appellees in coordination operated a ring of theft by extortion by which they wrongfully confiscated his personal property. And he sought damages of $50 per day from each appellee.

In response to Qadir's suit, appellees moved to dismiss on two independent grounds. They asserted that Qadir failed to comply with chapter 14's requirements governing an inmate's filing of an *in forma pauperis* suit, and they also asserted that the suit was frivolous. *See id.* §§ 14.003(a), 14.004(a), 14.005(a) (West 2017).

Without holding a hearing, the trial court signed a final judgment dismissing Qadir's suit, finding that it was frivolous and that Qadir failed to comply with chapter 14's requirements. Qadir appeals in a single issue, arguing the trial court erred by dismissing his suit.

## II. STANDARD OF REVIEW

Chapter 14 of the civil practice and remedies code governs all cases filed by an inmate, except those brought under the family code, in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs. *Id.* We review a trial court's dismissal of a suit governed by chapter 14 for an abuse of discretion. *Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.). If, as in this case, the trial court dismisses a claim without conducting a hearing, we are limited to reviewing whether the claim had an arguable basis in law. *Smith v. Tex. Dep't of Crim. Justice–Institutional Div.*, 33 S.W.3d 338, 340 (Tex. App.—Texarkana 2000, pet. denied). A

3

claim does not have an arguable basis in law if the claim is based on a meritless legal theory or if the inmate failed to exhaust his administrative remedies. *Hamilton v. Williams,* 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, pet. denied). We will affirm the trial court's dismissal if it is proper under any legal theory. *See Johnson v. Lynaugh,* 796 S.W.2d 705, 706–07 (Tex. 1990).

## III. APPLICABLE LAW

A pro se inmate proceeding *in forma pauperis* must comply with chapter 14's procedural requirements, and the inmate's failure to do so will result in the dismissal of his suit. *See Brewer,* 268 S.W.3d at 767.

One procedural requirement for filing a chapter 14 suit is found in section 14.004, which requires the inmate to file a separate affidavit or declaration that (1) identifies each pro se action, other than one brought under the family code, that he has previously brought and (2) describes those actions by providing the operative facts; the case name; the cause number; the court in which each case was filed; the parties' names; and the disposition of each case. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a). This supplemental filing "is an essential part of the process by which courts review inmate litigation." *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ). Thus, "when an inmate does not comply with the affidavit requirements of Section 14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate and, therefore, frivolous." *Bell v. Tex. Dept. Crim. Justice-Institutional Div.*, 962 S.W.2d 156, 158 (Tex. App.—

4

Houston [14th Dist.] 1998, no pet.). Accordingly, a trial court may dismiss without prejudice an inmate's claim as frivolous when the inmate fails to file the affidavit or unsworn declaration that section 14.004 requires. *See Bright v. Quarterman*, No. 10-08-00140-CV, 2010 WL 3036475, at *1 (Tex. App.—Waco Aug. 4, 2010, no pet.) (mem. op.).

Another procedural requirement for filing a chapter 14 suit is found in section 14.005. Under section 14.005, before filing suit, an inmate must exhaust the remedies available through the Texas Department of Criminal Justice's grievance system as established under section 501.008 of the Texas Government Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a); Tex. Gov't Code Ann. § 501.008 (West 2012); *Crain v. Prasifka*, 97 S.W.3d 867, 869–70 (Tex. App.—Corpus Christi 2003, pet. denied). Thus, if the inmate's claim is subject to the grievance system, section 14.005(a) requires the inmate to file with the trial court (1) an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision was received by the inmate and (2) a copy of the written decision from the grievance system. Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a). An inmate's failure to comply with section 14.005(a) is grounds for dismissal of his suit. *See Bright*, 2010 WL 3036475, at *1.

## IV. ANALYSIS

Qadir attached to his original petition an affidavit listing the previous lawsuits in which he had been involved. He listed only four cases, averring that three were

5

dismissed with prejudice and that one was dismissed for lack of jurisdiction. But Qadir did not state the operative facts for any of the prior suits he identified. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a)(2)(A); *Chapa v. Livingston*, No. 10-09-00273-CV, 2010 WL 3342018, at *1–2 (Tex. App.—Waco Aug. 25, 2010, no pet.) (mem. op.) (noting that affidavit of prior filings that fails to state the operative facts for which relief was sought does not comply with section 14.004(a)). Additionally, in their motion to dismiss, appellees identified five other cases Qadir had previously filed that he did not even list in his affidavit of prior filings. *See Fuqua v. Huestis*, No. 14-10-00674-CV, 2011 WL 304206, at *2 (Tex. App.—Houston [14th Dist.] Jan. 27, 2011, no pet.) (mem. op.) (holding appellant's affidavit of prior filings failed to comply with section 14.004(a) because it omitted the operative facts and disposition of the cases listed and failed to include one prior federal lawsuit). Since Qadir failed to comply with section 14.004(a)'s requirements, the trial court was entitled to assume that his suit was substantially similar to one he previously filed and, therefore, was frivolous. *See Bell*, 962 S.W.2d at 158. Accordingly, since Qadir failed to comply with section 14.004(a), the trial court did not abuse its discretion by dismissing his suit as frivolous. *See Fuqua*, 2011 WL 304206, at *2 ("[A] trial court may dismiss an indigent inmate's suit as frivolous or malicious when an inmate fails to comply with the statutory requirements of section 14.004.").

The trial court also could have dismissed Qadir's suit for failure to exhaust his administrative remedies in compliance with section 14.005. In his amended petition,

6

Qadir asserted that on January 27, 2017, he filed a step-one grievance regarding the confiscated property at issue in this suit. He further alleged that on March 10, 2017, appellee Sarhani responded to the step-one grievance. Qadir supported these assertions with an affidavit. But nothing in the record shows that Qadir filed a step-two grievance. To satisfy section 14.005's exhaustion requirement, an inmate must file both a step-one and a step-two grievance against each defendant. *Morris v. Milligan*, No. 12-14-00332-CV, 2016 WL 5845827, at *5 (Tex. App.—Tyler Sept. 30, 2016, pet. denied) (mem. op.). By failing to properly demonstrate that he filed a step-two grievance related to the confiscated property at issue here, Qadir failed to show that he exhausted his administrative remedies pursuant to section 14.005. *See Leachman v. Dretke*, 261 S.W.3d 297, 310–11 (Tex. App.—Fort Worth 2008, no pet.). Accordingly, because Qadir failed to exhaust his administrative remedies under section 14.005, the trial court did not abuse its discretion by dismissing his suit as frivolous. *See id.* (holding that because appellant failed to properly exhaust his administrative remedies under section 14.005, the trial court did not err by dismissing appellant's claims as frivolous).

We overrule Qadir's sole issue.

## V. CONCLUSION

Having overruled Qadir's sole issue, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

7

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered:  December 20, 2018