

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00094-CV
_____

CONNIE RAY PALMER, TDCJ #1583752, Appellant

V.

SHAVONDA D. HOWARD, ET AL., Appellees

On Appeal from the 12th District Court
Walker County, Texas
Trial Court No. 2029732

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

Connie Ray Palmer filed suit against Shavonda D. Mathis-Howard, the law librarian at the Texas Department of Criminal Justice's Wynn Unit, and Kimberly Ward, the access to courts administrator at the same facility, in their individual and official capacities.[1] Palmer alleged that, because Mathis-Howard and Ward did not provide him with specific law books, he was denied access to the courts in violation of his constitutional rights. The trial court subsequently dismissed Palmer's lawsuit with prejudice due, in part, to Palmer's failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code.

On appeal, Palmer maintains that he complied with Chapter 14's requirements and that the trial court erred when it dismissed his petition. Because Palmer failed to properly exhaust his administrative remedies prior to filing this lawsuit, we affirm the trial court's judgment.

I.      Background

On March 18, 2020, Palmer filed a step one grievance in case number 2020092797 alleging that Mathis-Howard "would not answer request, on the B-Wing Book request" between December 2019 and February 2020. Palmer complained that Mathis-Howard and Ward prevented him from using at least two law books that he had requested and that they did not provide him with the proper amount of writing materials to allow him to file a civil lawsuit relating to an earlier disciplinary case against him. Prison officials responded to Palmer's step

---

[1]Originally appealed to the Tenth Court of Appeals in Waco, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

one grievance on March 19, 2020, finding that the "[g]rievable time period ha[d] expired." The record does not reflect that Palmer filed a step two grievance in case number 2020092797.

On March 23, 2020, Palmer filed a step one grievance in a new case, number 2020095112, complaining about the way prison officials responded to his step one grievance in case number 2020092797.[2] Palmer maintained that his step one grievance was filed in a timely manner and that his grievance in case number 2020092797 should have been processed by prison officials on the substantive allegations. On March 26, 2020, prison officials responded to Palmer's step one grievance in case number 2020095112, stating that Palmer's contention that his step one grievance in case number 2020092797 had not been screened correctly "was not sustained." The prison officials explained that Palmer's "grievance [in 2020092797] state[d his] request for books was denied [by Mathis-Howard] from Dec. 2019-Feb. 2020. [Palmer's] grievance was filed on 3/19/20, which is past the 15 day time limit."[3] The prison officials' response continued, "No further action is required by this office and we will consider this step 1 grievance closed at this time."

On March 27, 2020, Palmer filed his step two grievance in case number 2020095112, complaining of the same circumstances that were contained in his step one grievance, that is, Palmer filed his step one grievance in case number 2020092797 in a timely manner, and prison officials should have reached the substantive merits of his complaint in case number

---

[2]Prison policy requires inmates to attempt to resolve their issues with a staff member prior to submitting a formal complaint through the grievance process. On March 18, 2020, Palmer spoke with "L. Tolar, Unit Grievance Investigator," in an effort to remedy his alleged complaint.

[3]An inmate has fifteen days from the date of the alleged incident on which the grievance is based to complete the step one grievance form and forward it to the Unit Grievance Investigator. *Wolf v. Tex. Dep't of Criminal Justice, Institutional Div.*, 182 S.W.3d 449, 450 (Tex. App.—Texarkana 2006, pet. denied).

2020092797.  The record reflects that, on April 17, 2020, prison officials responded to Palmer's step two grievance,[4] stating, "The available evidence supports the conclusion of the Step 1 investigation and it appears that the Step 1 answer addressed your complaint."

Palmer filed his original petition on June 5, 2020, alleging that, "[d]uring the month of January 2020[, Palmer] mailed his I-60 by truck mail to Defendant Kimberly Ward hereinafter known as (Ms[.] Ward), explaining Ms[.] [Mathis-]Howard's conduct and requesting the books to file a civil complaint [regarding a prison disciplinary case].  Ms[.] Ward refused to answer the I-60, concerning this access to courts issue."  Palmer goes on to state, "The refusal to provide the requested annotated books by Ms[.] [Mathis-]Howard and Ms. Ward deprived the plaintiff the right to file his complaint in a court with proper jurisdiction, and the plaintiff has forever lost this right due to Chapter 14 time limitations period."  In sum, Palmer contends that Ward's and Mathis-Howard's actions violated his right of access to the courts.

The Attorney General for the State of Texas filed an amicus curiae brief,[5] stating, among other things, that Palmer had failed to exhaust his administrative remedies prior to filing suit.  Palmer filed his objections to the attorney general's amicus curiae brief.  Despite his objections, the trial court dismissed Palmer's lawsuit with prejudice.[6]

---

[4]Palmer maintains that he did not receive the response to his step two grievance until June 15, 2020.  Because the resolution of this dispute is not the determinative factor in the disposition of Palmer's appeal, we find it unnecessary to address.

[5]On June 8, 2020, the trial court issued an order requiring

> **THE ATTORNEY GENERAL** [to] review the pleadings, affidavits, unsworn declarations, and exhibits for compliance with the **Texas Civil Practice and Remedies Code, Chapter 14**.  The Attorney General shall file as **amicus curiae** an advisory with the Court as to whether the inmate plaintiff has satisfied all of the statutory requirements.

## II.     Applicable Law and Standard of Review

Palmer's cause of action must be considered within the framework of Chapter 14 of the Texas Civil Practice and Remedies Code. Chapter 14 governs inmate litigation and applies to all actions brought by an inmate in a district court in which an affidavit or declaration of inability to pay costs is filed. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014. Chapter 14 has both procedural and substantive requirements that an inmate must follow to proceed with a lawsuit *in forma pauperis*. The Texas Legislature enacted Chapter 14 to "control the flood of frivolous lawsuits being filed in the courts of this State by prison inmates, consuming valuable judicial resources with little offsetting benefit." *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ).

Section 501.008 of the Texas Government Code provides that an inmate may not file a claim in state court regarding operative facts for which the grievance system provides the exclusive remedy until he has exhausted his remedies through the prison grievance system. TEX. GOV'T CODE ANN. § 501.008(d)(1); *Smith v. Tex. Dep't of Criminal Justice–Institutional Div.*, 33 S.W.3d 338, 341 (Tex. App—Texarkana 2000, pet. denied). "The two-step 'Offender Grievance Program' is the sole source of administrative remedy for TDCJ inmates."[7] *Crain v. Prasifka*, 97 S.W.3d 867, 868 (Tex. App.—Corpus Christi 2003, pet. denied). An inmate must first present his complaint in a step one grievance and, in the event he is dissatisfied with the ruling on his step one grievance, he may appeal by filing a step two grievance. *Id.* at 868–69. An inmate has

[6]The trial court's dismissal order was filed of record on October 23, 2020.

[7]The inmate grievance procedure is set forth in TDCJ's Offender Orientation Handbook, which is distributed to inmates upon their placement in prison. *Hill v. Reilly*, 343 S.W.3d 447, 450 n.4 (Tex. App.—El Paso 2010, pet. denied) (citing Texas Department of Criminal Justice, Offender Orientation Handbook (2004)).

exhausted his administrative remedies once he receives a written response to a step two grievance. TEX. GOV'T CODE ANN. § 501.008.[8] When an inmate fails to exhaust his administrative remedies, we may affirm a dismissal even if the ground was not presented in a motion to dismiss. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005; *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

An appellate court reviews a dismissal pursuant to Chapter 14 for an abuse of discretion. *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding principles; that is, we must decide whether the trial court acted arbitrarily or unreasonably. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). A trial court's clear failure to analyze or apply the law correctly is an abuse of discretion. *McDaniel v. Yarbrough*, 898 S.W.2d 251, 253 (Tex. 1995).

## III. Discussion

Palmer's complaints in case number 2020092797 contained similar allegations to those contained in the pending lawsuit. Palmer stated in his step one grievance that "on several occassions [sic] from 12-2019-2-2020[,] the offender requested access to the Vernons [sic] annotated, Government Code and Tex. Civ. Prac. & Rem. Code, on his B wing book request." According to Palmer, Ward and Mathis-Howard never complied with his requests and, as a

---

[8]In addition, an inmate is required to attach to his complaint both (1) "an affidavit or unsworn declaration stating the date [his] grievance was filed and the date the written decision . . . was received by the inmate" and (2) "a copy of the written decision from the grievance system." TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a)(1)–(2). Moreover, an inmate is required to file his complaint with the trial court before the thirty-first day after the date he received the written decision from the prison grievance system regarding his step two grievance. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b). A trial court shall dismiss an inmate's cause of action in the event he does not follow the correct procedure. *Id.*

6

result, he incurred harm because of it. Prison officials responded to his step one grievance on March 19, 2020, but Palmer failed to file a step two grievance in that case.

Palmer was required to exhaust all his administrative remedies to seek judicial review of his grievances in district court. *See Woodford v. Ngo*, 548 U.S. 81, 83–84 (2006). An inmate properly exhausts his administrative remedies only upon receipt of the prison officials' response to a step two grievance. *See* TEX. GOV'T CODE ANN. § 501.008. Palmer never filed a step two grievance in case number 2020092797. Consequently, he did not comply with the administrative remedies to the point of reaching the required final administrative decision from prison officials.

Instead, Palmer filed a totally separate grievance in case number 2020095112. Even so, the allegations in Palmer's step one and step two grievances in case number 2020095112 do not reflect the substance of the allegations in his lawsuit nor do they involve the same parties. In his petition, Palmer claims his constitutional rights were violated because Mathis-Howard and Ward failed to provide him with two specific law books that he believed were necessary to file a civil lawsuit. But in both his step one and step two grievances in case number 2020095112, Palmer is clearly complaining about the way prison officials "Returned Grievance [in case number 2020092797] unprocessed." Tolar, the unit grievance investigator who Palmer spoke to prior to filing his grievance, is not a named defendant in this lawsuit, nor is anyone else connected with the prison grievance process. Simply stated, the facts contained in Palmer's step one and step two grievances in case 2020095112 do not coincide with the allegations contained in his lawsuit. For that reason, Palmer failed to exhaust his administrative remedies as required by the Texas

Government Code[9] and Chapter 14 of the Texas Civil Practice and Remedies Code.  As a result, the trial court did not abuse its discretion when it dismissed Palmer's petition with prejudice.

We overrule Palmer's sole point of error.

## IV.     Conclusion

We affirm the judgment of the trial court.



Scott E. Stevens
Justice

Date Submitted:      April 14, 2021
Date Decided:        July 20, 2021

---

[9]*See* TEX. GOV'T CODE ANN. § 501.008(d)(1).